# PRACTICE REPORTS.

## SUPREME COURT.

PLINY PHELPS *et al.* agt. GEORGE W. WOOD *et al.,*
impleaded, &c.

In an action in *equity* for an accounting between cotenants, where the complaint asks for relief, and the referee on the trial finds and orders judgment for the plaintiffs and certain of the defendants for the respective sums due each, but without deciding anything respecting the *costs* of the action, the plaintiffs on entering judgment are not entitled to enter it *with costs.*

Costs in such actions are in the discretion of the referee, and where he has not awarded costs the plaintiffs are not authorized to tax and enter them in the judgment.

*Herkimer Special Term, September,* 1873.

MOTION to set aside so much of the judgment entered as awards costs to the plaintiffs, entered without any application to the court, and without any direction by the court or referee in regard to costs, and without notice of taxation.

This action was brought by Pliny Phelps and others, plaintiffs, against George W. Wood and others, defendants, claiming that plaintiffs and defendants, except defendant Wood, as heirs-at-law and next of kin of one Benjamin Phelps, deceased, were tenants in common with defendant Wood in a house and lot in Camden village; and that said defendant Wood had received the rents of said premises, and they (said, plaintiffs and said other defendants) were entitled to one-half of said rents.

The relief sought by this action was that defendant Wood account with plaintiffs and said other defendants, and pay over to them their shares of such rents.

The defendant Wood made answer, and the cause was referred to and tried before John F. Seymour, referee, who made his report, by which he found an amount due to each of said plaintiffs and said other defendants, from defendant Wood, the aggregate of which is $125.50; and, as matters of law, found that said plaintiffs were entitled to receive and recover of defendant Wood the sum of twenty-five dollars and ten cents each, and said other defendants four dollars and eighteen cents each; but said referee did not, by his report, find or decide that said plaintiffs or any other party should recover costs in said suit.

Afterwards, and on the 12th day of April, 1873, Messrs. Adams & Swan, claiming to act as plaintiffs' attorneys, without any notice of application for judgment or any notice of taxation or adjustment of costs, entered a judgment upon said report, requiring said defendant Wood to pay said other defendants said sum of four dollars and eighteen cents each, and to said plaintiffs said sum of twenty-five dollars and ten cents each, aggregating the sum of $125.50; and, also, that said plaintiffs recover of said defendant Wood the sum of $167.03, plaintiffs' costs.

Defendant Wood, by this his motion, seeks to set aside said judgment upon the grounds,

1st. That no notice of taxation of said costs was ever served upon his attorney; and,

2d. That this suit being in equity, and costs in the discretion of the court, and no costs being allowed or given plaintiffs by said referee's report, plaintiffs were not entitled to recover costs.

GEORGE K. CARROLL, *attorney for defendant Wood.*

I. Defendant Wood having duly appeared and answered, was entitled to notice of all proceedings, including notice of

Phelps agt. Wood.

taxation of costs, and plaintiffs having omitted to give such notice, the judgment is irregular and will be set aside on motion (*Elson* agt. *N. Y. Equitable Ins. Co.*, 2 *Code R.*, 30; 2 *Sandford*, 654; 4 *id.*, 684; 7 *How.*, 490; 2 *Code R.*, 49; 1 *id.*, 54).

Or, if the judgment should be allowed to stand, there must be a retaxation and readjustment at the expense of the plaintiffs, who should have given notice (4 *Sand.*, 684; 3 *How.*, 413; 20 *id.*, 215; 16 *Barb.*, 658; 17 *Abb..R.*, 37; 9 *How.*, 262; 18 *Abb.*, 14).

II. This was an equity suit; and the granting of costs to the prevailing party was in the discretion of the court; and no costs having been allowed by the court to the plaintiffs, costs were irregularly and improperly inserted in the judgment against the defendant Wood in favor of plaintiffs.

This was not one of the actions enumerated in section 304 of the Code, in which plaintiff is entitled to recover costs as of course; but, under section 306, the costs were in the discretion of the court.

The right to give or withhold costs rests in the discretion of the court (*Staiger* agt. *Shultz*, 3 *Keyes*, 614); and the question of granting or withholding costs was properly in the discretion of the referee (*Platt* agt. *Styles*, 17 *How.*, 211); and the referee's report not having granted costs to plaintiffs, costs were improperly included in the judgment entered in this action.

The judgment should be set aside, with costs of motion to defendant, Wood.

J. R. SWAN, Jr., *attorney for plaintiffs.*

This was an action brought under the provisions of section 9, page 39, 3d Revised Statutes, 5th ed., that "one joint tenant or tenant in common may maintain an *action of account,* or for money had and received, against his cotenants, for receiving more than his just proportion.

I. The plaintiffs, having recovered more than fifty dollars, are entitled to costs, as a matter of course.

The defendants' counsel seems under the impression that an "action of account" and a "suit for accounting" are the same thing, which is an error.

An "action of account" is an action for moneys had and received upon the law side of the court.

Such an action will lie against a receiver for money had and received; also it will lie against a sheriff for money had and received; also it will lie against a bailiff for money had and received (*See forms of declarations in Humphrey's Precedents, for an action of account by one claimant against another, pp.* 183 *to* 192).

It is an action for money, not a suit for relief.

(*a.*) The act was passed giving this remedy to cotenants prior to 1813, when there was a distinction made between actions at law and suits in equity, and the words in the law an "action of account," *i. e.,* an action on the law side of the court.

(*b.*) If an action was brought against a receiver to account for moneys had and received, or against a sheriff or bailiff, could any question be raised that it was not an action for money?

(*c.*) As to the nature and law of "actions of account," see *Humphrey's Precedents,* 183 *and* 184; 3 *Hill's R.,* 59; *Roll. Abr.,* 116; 3 *Chitty,* 383; *Bacon's Abr., Account;* 3 *Taunt.,* 431; 19 *Wend.,* 121.

(*d.*) The Code provides, section 304, costs shall be allowed, of course, to the plaintiff upon a recovery in the following cases. * * * 4. In an action for the recovery of money where the plaintiff shall recover fifty dollars.

(*e.*) The only relief or judgment the court can give upon an "action of account" is a judgment for money. Humphrey's Precedents has the following form: "Therefore, it is considered that the said defendant recover against the said plaintiff the sum or balance of —— dollars and —— cents, and also *the costs,* as in common cases of judgment final for defendant."

II. There is no motion here made for a retaxation of costs.

HARDIN, *J.* The summons in this action asks for relief. The complaint states the respective estates of the respective parties in the premises described in the complaint, and asks in its prayer for a recovery by the " plaintiffs, and all other persons who are tenants in common with defendant, Wood, in the proportions to which they are respectively entitled, and of the money and property received by Wood as the rents, issues and profits of said premises and interest thereon, * * * *and for such other or further relief* as to this court may seem meet, and that said defendant, Wood, be adjudged to pay the costs of this action."

The referee finds the sum of money secured by the defendant Wood, and then states the respective interests of the parties, as well plaintiffs as well as some of the defendants therein, and orders judgment accordingly.

The learned counsel for the plaintiffs insists that the plaintiffs are entitled to recover costs as of course in virtue of section 304 of the Code, and quotes subdivision 4 thereof in respect to " actions for the recovery of money."

In *Buchanan* agt. *Morrell* (13 *How.*, 299), it was said that the nature of the action is to be determined by the allegations of the complaint and the relief it prays for (*See* § 275 ; *Davis* agt. *Landerston*, 56 *Barb.*, 480).

By the Code, the distinction between legal and equitable remedies is abolished, and a uniform course of proceeding established. See preamble of the Code of 1848, and section 1 of said act, and if a party entitles himself to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled (*Emery* agt. *Pease*, 20 *N. Y.*, 62; 30 *Barb.*, 9 ; 40 *N. Y.*, 504).

The amount due in this case to each tenant or cotenant with Wood is a debt due severally to such tenant, not a

joint debt or demand. If this action be not regarded as an action for an accounting, and an action in equity, how can a judgment be upheld which awards to the several cotenants their several and respective rights (*Hall* agt. *Fisher*, 20 *Barb.*, 466, 467)?

But the plaintiffs' counsel asserts that the old action " of account as for money had and received " is given by the ninth section of the Revised Statutes, third volume, fifth edition, page 39.

True, that statute authorizes an action for money had and received by a tenant in common against his cotenant to render his just proportion, but the Code controls as to the form of action; besides, the complaint in this action with its prayer comes short of the old action " of account."

The history of that action is given *McNary* agt. *Rawson* (3 *Hill*, 60). BRONSON, J., in that case, declares the remedy obsolete. There is less need for that form of action now that legal and equitable remedies are blended and may be had in the same court.

Assuming, therefore, that this action was not solely and specially an action for the recovery of money, and that it must be classed as an equity action in order to give effect to the scope of the complaint and its prayer, the conclusion follows that the costs were within the discretion of the referee, and inasmuch as he has not awarded costs the plaintiffs were not authorized to tax and enter them in the judgment (*Staiger* agt. *Shultz*, 3 *Keyes*, 614; *Pratt* agt. *Styles*, 17 *How.*, 211; *Code*, § 306).

The motion must be granted without costs, as the question is novel, and without prejudice to the rights of the plaintiffs to move for directions to the referee to pass upon the question of costs.

The defendant upon serving a copy of this opinion and a proposed order may have the order settled upon two days' notice.