### HODGKINS *v.* MEAD *et ux.*

(*City Court of Brooklyn, General Term.* May 27, 1889.)

COSTS—CONDITIONAL AWARD—DISCRETION OF COURT.

Code Civil Proc. N. Y. § 3229, provides that where plaintiff, in an action against two or more defendants, is entitled to recover costs against one or more of them, but not against all, none of the defendants are entitled to costs, unless awarded, in the discretion of the court, to a defendant against whom plaintiff is not entitled to costs, and who did not unite in an answer, and was not united in interest, with a defendant against whom the plaintiff is entitled to costs. *Held* that, where the complaint in an action against husband and wife is dismissed as to the husband, the court may award him costs, on condition that they be set off against the judgment against his wife, and that he issue no execution for such costs.

Appeal from trial term.

Action by Frank B. Hodgkins against George W. Mead and Sarah F. Mead, his wife.

Argued before VAN WYCK and OSBORNE, JJ.

*Sewall Sergeant*, for appellant. *Henri Pressprich*, for respondent.

OSBORNE, J. Defendants were husband and wife. Plaintiff brought this action to recover certain commissions, as a real-estate broker, for selling certain property belonging to Mrs. Mead, in which transaction the defendant George W. Mead acted as the agent of his wife. Both defendants answered separately. On the trial the complaint was dismissed as to the defendant George W. Mead, and judgment was entered in his favor, granting him costs "conditionally, viz., to be offset against the judgment herein against Sarah F. Mead, and that no execution be issued for said costs of said George W. Mead." The said George W. Mead appeals from so much of the judgment, as above quoted, as affixes a condition to the granting of costs to him.

Section 3229 of the Code of Civil Procedure provides that where, in an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs of course. In that case costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defendant against whom the plaintiff is entitled to costs." Under the above section the court had a right to award costs in this action to the appellant, if, in the exercise of its discretion, it thought proper so to do. Here the court declined to award costs absolutely to the appellant, but, in the exercise of the discretion with which it was vested, it made a conditional award. This it had the right to do. *Wheeler* v. *Heermans*, 3 Sandf. Ch. 597. Accordingly, the only question left for us to consider is as to whether this dis-

cretion was wisely exercised, and we can see nothing in the case that would justify us in concluding that the trial court erred in the exercise of its discretion. So much of the judgment as is appealed from is affirmed, with costs.

VAN WYCK, J., concurs.