(4 Misc. Rep. 408.)

KNAPP v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term. July 3, 1893.)

1. ELEVATED RAILROADS—INJURY TO RENTALS.
    In an action for injuries to the rental value of property by the construction and operation of an elevated railroad in the street on which it abuts, the evidence showed that, before the road was built, plaintiff's premises rented for $5,000 a year, and that afterwards the rent never exceeded $2,700 a year. The diminution of rents was not confined to plaintiff's property. *Held*, that a finding that the rental damage per annum was $900 was sustained by the evidence.

2. STATUTE OF LIMITATIONS—COMMENCEMENT OF ACTION.
    A person having an individual interest in land declined to join as plaintiff in an action brought by the co-owner for injuries thereto, and was made a defendant. Afterwards the codefendant died, and an order was entered making his representatives parties defendant, without supplemental summons or complaint. The new defendants then served their answer on all the other parties. *Held* that, so far as related to the statute of limitations, the action was commenced as to the deceased defendant, and consequently as to his representatives also, at the same time that it was commenced against the other defendants.

3. DEFECT OF PARTIES—WAIVER OF OBJECTIONS.
    Where it appears by the pleadings that there is a defect of parties, and defendants do not raise the objection either by demurrer or answer, they waive such objection, and cannot afterwards raise it at the close of plaintiff's case by a motion to dismiss.

**4. DAMAGES TO LAND—PARTIES—LIFE TENANT AND REMAINDER-MEN..**

A tenant for life may recover past damages to his estate in real property, caused by the construction and operation of an elevated railroad in the street on which it abuts, without making the remainder-men parties. Bach v. Railway Co., 14 N. Y. Supp. 620, 60 Hun, 128, distinguished.

**5. COSTS IN EQUITY CASES—DISCRETION OF REFEREE**

In an equity case which has been referred, the costs are in the discretion of the referee.

Appeal from judgment on report of referee.

Action by Shepard Knapp, as substituted trustee of the estate devised to Lewis C. Hamersley, Abraham Van Nest, John Fleming, and John W. Hamersley, in trust for the benefit of Andrew S. Hamersley, in and by the will of Thomas Hamersley, deceased, against the New York Elevated Railroad Company and the Manhattan Railway Company, and James Hooker Hamersley, Courtlandt De Peyster Field, and John H. Livingston, executors of John W. Hamersley, deceased, and trustees under the will of said John W. Hamersley, deceased, for Helen R. H. Stickney. From a judgment in favor of plaintiff and of defendants Hamersley, Field, and Livingston, defendant railroad companies appeal. Affirmed.

This action was commenced on April 2, 1889, by Shepard Knapp, as trustee for Andrew S. Hamersley, to restrain the operation of the elevated railroad of the defendants, appellants herein, in front of No. 116 Pearl street, in this city, and for damages sustained by reason of the construction and operation of said railroad in front of said premises. The case was tried before a referee, who rendered judgment in favor of the plaintiff, Shepard Knapp, as trustee, and also in favor of the defendants, respondents, Hamersley and others, trustees, awarding an injunction against the operation of the railroad in front of said premises, and also awarding damages to the plaintiff and to said defendants, respondents, Hamersley and others, against the said railroad companies. From this judgment, entered on the report of said referee, the defendants the railroad companies appeal to the general term. The legal title to one undivided half of the premises in suit is vested in the plaintiff, Shepard Knapp, as substituted trustee under the will of Thomas Hamersley, deceased, for the life of Andrew S. Hamersley, and, upon the death of said Andrew S. Hamersley, the title to said one undivided half of said premises will vest in the children then living of said Andrew S. Hamersley. The children now living of said Andrew S. Hamersley are Andrew S. Hamersley, Jr., William L. Hamersley, and Odile H. Southwick, all of full age. The other moiety was the property of John W. Hamersley, who declined to become a plaintiff, and was made a party defendant herein, at the commencement of the action. Prior to the trial of the action, the said John W. Hamersley died, and a motion was duly made to bring in his representatives as parties. Said representatives did not appear upon the motion, and it was left to the attorneys for the defendants the railroad companies, on consent of the plaintiff, to elect whether the executors and trustees of the late John W. Hamersley should be made parties, or whether the action should continue without bringing them in. The attorneys for the railroad companies elected that these representatives be brought in, and an order making them parties defendant was therefore duly entered, and by said order it was provided that no supplemental summons or complaint need issue. Thereupon the parties so brought in by said order as defendants in the action, under the practice prescribed in the Code, (section 521,) answered the complaint, claiming relief similar to that demanded by the plaintiff, and served copies of their answer upon the plaintiff and upon the defendants the railroad companies. The death of the said John W. Hamersley vested the legal title to the moiety that he had owned at the time of the commencement of the action in the defendants James Hooker Hamersley, Courtlandt De Peyster Field, and

John H. Livingston, executors and testamentary trustees under the will of John W. Hamersley, deceased, for the life of Helen R. H. Stickney. Upon the death of Helen R. H. Stickney, the title to said moiety will vest absolutely in the lawful issue of said Helen R. H. Stickney, and, in default of such issue, in James Hooker Hamersley and Virginia Field and their issue. The railroad companies, in their answer to the complaint, and also in their answer to the answer of the newly-made parties defendant above mentioned, set forth the usual defenses in elevated railroad cases, including the statute of limitations, and pleaded the statute as to a period of six years preceding the commencement of this action. The referee found that the construction and operation of the elevated railroad in front of the premises in question caused substantial damage both to the fee and to the rental value of the premises, and he awarded $8,692.50 damages to the rental value, which damages included all interest; and he divided the damages equally between Shepard Knapp, as trustee, and the representatives of John W. Hamersley's estate, and directed an injunction limited to the life of Andrew S. Hamersley and Helen R. H. Stickney and the survivor of them, unless, within three months from notice of entry of judgment, the defendants the railroad companies procured the property to be condemned according to law. The referee did not find the amount of diminution of fee value, and no condition predicated upon any estimate of the diminution of fee value was affixed to the injunction. The court awarded costs and an allowance of 5 per cent. upon the recovery to the plaintiff, and also to the representatives of John W. Hamersley, deceased, defendants, respondents, against defendants, appellants, the railroad companies.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Davies, Short & Townsend, (Julien T. Davies and John S. Wood, of counsel,) for appellants.

Stewart & Sheldon, (J. Aspinwall Hodge, Jr., of counsel,) for respondent Knapp.

A. P. & W. Man, (Henry H. Man, of counsel,) for respondents Hamersley and others.

GILDERSLEEVE, J. The learned counsel for the defendants, appellants, challenge the judgment, and assign numerous errors, each of which, they claim, calls for a reversal. We will take up such objections as seem to call for discussion in the order in which they are presented for our consideration in the able brief of the counsel for defendants, appellants.

1. It is claimed that "the amount fixed by the referee as past damages is excessive and unjust, and altogether unsupported by legal evidence." The premises in question are at Hanover square, on the southerly side of Pearl street, near Old Slip, and are 24 feet 4 inches in width in front, 23 feet 2 inches in width in the rear, and about 86 feet deep. The premises are occupied by an old four-story building, which, down to 1878, when the railroad came, rented, as appears by the testimony, to a single tenant for $5,000 per annum. The year the railroad came $3,800 were spent in improvements, and the property had no tenant. Never since the coming of the railroad has the annual rent exceeded the sum of $2,600 to $2,700. The actual difference between the rent in 1878 and the rent in 1891, when the testimony was taken, was $2,400. Nothing could be clearer than that, since the coming of the railroad, there had been a diminution of rent. The problem the referee had to decide was what part of the diminution was attributable

to the railroad.   That the diminution of rent was not peculiar to the property in suit, and therefore did not arise from any conditions not common to property on Hanover square, a careful examination of the testimony clearly demonstrates.   The referee's report was dated November 29, 1892, something more than 3 years and 7 months after the action was commenced, and the period, therefore, for which the damages were awarded, was something more than 9 years and 7 months.   The average period for which appellants must be charged with interest is more than $4\frac{1}{2}$ years.   The referee estimated the rental damage per annum, including all interest, at about $900.   We consider the estimate a moderate one, and that there is ample evidence to support the award of $8,692.50 for rental damage.   Under this point it is claimed upon behalf of appellant that such damages, if any, as the defendants, respondents are entitled to recover, should be estimated from six years prior to the service of their answer, and not from the date of the service of the summons; that, in awarding to them exactly the same sum as given to the plaintiff, the referee erred.   The answer of the defendants, respondents, was served on March 17, 1891, nearly two years after the commencement of the action.   By the plan of appellants, in which they claim to set up the statute of limitations in their answer, they allege that "the pretended cause or causes of action set forth in the answer of the codefendants herein did not, nor did any of them, accrue to the plaintiff herein, or to his predecessor or predecessors in title, within six years next preceding the commencement of this action."   The cause of action to which the objection now under consideration is raised never belonged to the plaintiff.   The plea seems to be defective, but, assuming that it is sufficient to interpose the defense of the statute of limitations to the codefendants' claim, we are of opinion that the rule of limitations applicable to the codefendants' claim does not differ from that which controls the plaintiff's claim.   The codefendants' predecessor was a party to the action at the time it was commenced, and the rights of his representatives are such as belonged to him at the commencement of the action, so far as relates to the statute of limitations.   The time when the action was commenced as to John W. Hamersley (to whose position as party to the action, as well as to whose position as owner of the moiety, these codefendants succeeded) must be held to be the time when it was commenced against the railroad companies.   The duty imposed upon John W. Hamersley and his representatives, under section 521 of the Code, (which regulates the practice when a defendant, having a claim against a codefendant, desires a determination of it,) was to serve a copy of their answer upon the attorney for each of the defendants to be affected by the determination, at least 20 days before the trial.   That was done in this case.   We are of opinion that the referee was warranted in awarding to the defendants, respondents, the same damages to rental value as were awarded to the plaintiff.

2. It is claimed upon behalf of the appellants that "the proper parties are not before the court."   The parties to the action to

whom awards have been made are trustees, and the defect claimed consists in the absence from the action as parties of the remainder-men under each of the trusts. These remainder-men are the children of Andrew S. Hamersley (whose names appear in the above statement of facts) and James Hooker Hamersley and Virginia Field. Neither of these persons individually is a party to the action. At the time the order was made bringing in the representatives of John W. Hamersley, it must have appeared by the motion papers what the character of their interest was. At this time the railroad companies did not ask to have brought in the remainder-men under the will of John W. Hamersley, but elected that the present codefendants should be brought in, and acquiesced in the order bringing them in without any supplemental complaint. The will of John W. Hamersley, creating the trust, under which the defendants, respondents, acted, was annexed to the answer of the said defendants, respondents, and the precise interest of the said defendants, respondents, in said property, as appeared by the will, was thereby disclosed. The answer of the railroad companies to this answer did not raise the question that the proper parties were not before the court, nor was it raised when the motion was made for a reference. It appeared on the face of the complaint that Shepard Knapp was trustee only for the lifetime of Andrew S. Hamersley. Yet neither by answer nor by demurrer to the complaint was the point taken that the remainder-men were necessary parties. After the plaintiff had rested, the counsel for the railroad companies moved "to dismiss the complaint and the claim of the codefendants, on the ground that all the parties are not before the court, and that, under the decision in the Bach Case, [infra,] the proceedings herein before the referee must be arrested until the plaintiffs have had an opportunity to bring in all the necessary parties, in order to give the defendants absolutely correct title to the easements for which they claim damages." This objection was raised too late. The defendants the railroad companies, having failed to raise the question of defective parties, either by demurrer or by answer, and having raised no objection by reason thereof until after the plaintiff had closed his case, must be held to have waived such objection. Decker v. Decker, 108 N. Y. 128, 135, 15 N. E. Rep. 307; Code Civil Proc. §§ 488, 498, 499. But all the necessary parties to the adjudication herein made were before the court. No fee damage is awarded. The remainder-men are not even proper parties to, or interested in, the award for past damages. The Bach Case, 60 Hun, 128, 14 N. Y. Supp. 620, upon which the counsel for the railroad companies based the objection now under consideration, does not support the appellants' contention. In that case the plaintiff's interest terminated upon her death or marriage, but fee damage was awarded, and computed upon her expectation of life. It was error to thus place upon the defendant the burden of sustaining the hazard of the termination of plaintiff's estate by either death or marriage. For this error the judgment was reversed. The case at bar is free from any such risk.

3. The rulings objected to under the remaining points in the appellants' brief, excepting the alleged error discussed under the seventh point, have been examined, and, in our opinion, do not demand separate and special notice. The referee did not fix, by computation, a certain sum, and award the same, as alternative relief, but gave the railroad companies time in which to condemn. Their proposed findings, therefore, bearing upon the question of a proper sum as alternative relief, were immaterial. For this reason many of the exceptions to the refusals to find are not well taken. A careful examination of the numerous exceptions to findings made and refusals to find fails to disclose any material error. We reach the same conclusion in reference to the exceptions to the admission and exclusion of evidence.

Under the appellants' seventh point, it is urged that the referee erred in awarding costs and allowance to the defendants, respondents. In all equity cases, costs are discretionary, both at special and at general term. See Herrington v. Robertson, 71 N. Y. 280. Costs in equity actions referred to a referee are within the discretion of the referee. Phelps v. Wood, 46 How. Pr. 1. The referee, in making the award of costs herein, to which objection is taken, does not appear to have abused the discretionary power with which he was vested by disregarding well-settled principles applicable thereto. The defendants, respondents, had a substantial claim against the defendants, appellants, the railroad companies, who elected that they be brought in. Their rights have been litigated, and we do not think they should forfeit costs because they do not occupy the nominal position of plaintiffs. Code, §§ 3230, 3253. It is not unusual to allow costs to one defendant against another in the same case. Budd v. Munroe, 18 Hun, 316; Chester v. Jumel, (Sup.) 5 N. Y. Supp. 823. For these reasons, we think the judgment as to costs and allowance should not be disturbed. We can find no just reason for a reversal of the judgment. It must be affirmed, with costs to plaintiff; and, since the defendants, respondents, have been compelled to argue additional questions to those presented by the appeal as against the plaintiff, costs must be awarded to the defendants, respondents, also.