ing him, they should be allowed to retain the money, to which they never had any right whatever. The defendant never misled the plaintiffs in any way. He supposed the drafts were properly drawn, that Rossi had bought the goods and shipped them for him, and had drawn his drafts therefor upon the plaintiffs' Paris house; and it would be a great injustice to allow the plaintiffs to retain money which they obtained from defendant through a mistake which he was not at fault about, but which was caused solely by the plaintiffs' own mistake and neglect and unauthorized act. It is suggested that the defendant was negligent and careless in accepting the drafts and paying them when the advices and marks and numbers had been sent up to him. But, under the evidence, we cannot say that he was bound to rely upon a failure to get the advices, marks, and numbers from Rossi, rather than upon the fact that the drafts had been drawn upon him; and certainly the plaintiffs ought not to be heard to allege carelessness against the defendant by reason of his reliance upon their significant representations to him, by drawing the drafts and procuring their acceptance and payment by him. There is no ground for saying the defendant should be defeated in his claim to recover back the money paid the plaintiffs upon any theory that he assumed to purchase the property from the plaintiffs. Even if such a construction could be given to the transaction, the purchase was made under a mistake of fact induced and brought about by the plaintiffs, and the property was entirely worthless, and there was no consideration for the acceptance and payment of the drafts. Upon any view of the case, we come back to the proposition that the money was received by the plaintiffs from the defendant under a mistake of fact induced by the plaintiffs, and without any consideration in fact.

We think the verdict was erroneously directed by the court, and that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.

(16 App. Div. 449.)

THOMPSON v. NEW YORK EL. R. CO.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

1. PARTIES—DEFECT OF—MODE OF RAISING OBJECTION.

Testator devised property to his executors in trust to pay the income to his daughters for life, and on their death to convey the property to their issue, with authority to sell the premises with the consent of the life beneficiaries, and to invest the proceeds. During the lifetime of the life beneficiaries, the trustees sued for past and future damages to the premises, caused by the construction of an elevated railroad in the street on which they abutted. *Held*, that the objection that the life beneficiaries and the remainder-men were necessary parties was within Code Civ. Proc. § 499, providing that a defect of parties is waived if not raised either by demurrer or answer.

2. SAME—POWER OF COURT.

It is not the duty of the court to exercise its power to bring in necessary parties, though the defect has been waived by defendants, unless it is necessary to protect the rights of persons other than defendants.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Morris S. Thompson, as sole surviving trustee, against the New York Elevated Railroad Company, for an injunction and damages. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

W. H. Godden for appellant.

E. A. Hibbard, Jr., for respondent.

PATTERSON, J. The premises involved in this action consist of two lots of ground and the buildings thereon erected, which lots have a frontage of 51 feet on Third avenue and a depth of 60 feet, and are known as "Nos. 102 and 104 Third Avenue," the lot No. 102 being the corner lot at Thirteenth street. In 1876 the premises belonged to one Ebenezer H. Pray, who died seised of the same on the 18th of May of that year. He left a last will and testament by which he devised to his executors the premises in question upon trusts as follows, viz.: To pay over the net income of No. 104 Third avenue to his daughter, Mary A. Squire, during her lifetime, and upon her death to convey the same to her issue in equal shares; and, as to No. 102 Third avenue, to pay over the net income thereof to Catharine S. Horton during her life, and upon her death to convey the premises to her lawful issue. The plaintiff, at the time of the commencement of this suit, was the sole executor and trustee under the will. The testator, Ebenezer H. Pray, authorized his executors to sell and convey any or either of the above-named lots and buildings, with the consent of the person during whose lifetime the trust was to continue, and the testator also directed that the proceeds of the sale of each parcel should be invested and reinvested in certain securities for the benefit of the particular beneficiary of the trust connected with that parcel. The action was begun during the lifetime of both the cestuis que trustent. The rights of the remainder-men were not before the court on the original pleadings. It appears that, before the action was tried, Catharine S. Horton died, leaving two children, both of full age, to whom no formal conveyance had been made by the executor of the premises No. 102 Third avenue; and, it appearing that the fee of such premises had become vested in them under the will of Mr. Pray, and that since the 8th of November, 1894, they had received the rents, issues, and profits of the premises, an order was duly made bringing them in as parties plaintiff, and a supplemental complaint setting forth the rights and demands of the additional plaintiffs was served, and in that supplemental complaint they claimed that they were entitled to rental damages accruing since the 8th of November, 1894, and to an injunction, and that they were authorized and had power to make good title to the easements used by the defendants in case an injunction should be decreed and the defendants should desire to acquire such easements. Neither the persons entitled in remainder to the premises No. 104 Third avenue nor Mrs. Squire are parties to the action, nor was any proceeding ever taken to bring them in. When the case came on for trial, and before the introduction of any proof, counsel for the de-

fendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action either in law or in equity, and also moved for a stay of the trial of the cause until the plaintiff should bring before the court proper parties, upon the ground that upon the face of the complaint there was a defect of parties as to the property No. 104 Third avenue, and it was insisted that the remainder-men as well as Mary A. Squire, the beneficiary of the trust as to No. 104, should be brought in as parties; Mary A. Squire being a necessary party, it was contended, because the power of sale given by the will was one which could be exercised by the trustee only upon her consent. The court refused to dismiss the complaint, or to postpone the trial to compel the plaintiff to bring in the additional parties; and the first question arising on this appeal is as to the correctness of the ruling of the court upon that subject.

The allegations of the complaint were ample and appropriate to the statement of a cause of action inhering in the plaintiff, but it sufficiently appeared to the court upon the trial that Mrs. Squire and the remainder-men were so interested in the property that their presence as parties to the suit might be necessary to enable the defendants to get in their interests and estates in the easements through a decree, if one should be made in favor of the plaintiff. It is undoubtedly the policy of the court in actions of this character to protect the defendants against separate suits by owners of individual interests. Bach v. Railway Co. (Sup.) 14 N. Y. Supp. 620; Shepard v. Railway Co., 117 N. Y. 442, 23 N. E. 30; Pegram v. Railroad Co., 147 N. Y. 144, 41 N. E. 424. But, although it may have been a right of the defendants to have Mrs. Squire and the remainder-men brought into the action, the law provides the method by which that right shall be enforced and that end attained, and unless that method is pursued the positive declaration of the law is that the objection to the want of parties is waived. If the defect appears upon the face of the complaint, the objection must be taken by demurrer; if it does not so appear, it must be set up by answer; and section 499 of the Code of Civil Procedure enacts that, if the objection is not taken in either of the ways indicated, the defendant is deemed to have waived it. That provision of the law is decisive of the right of the defendant to insist upon the objection. In this case, the right was lost; but that fact does not deprive the court of its power to direct parties to be brought in where their presence is necessary to a full determination of the action, or where, in furtherance of justice, additional parties in interest should be brought in. We recently had occasion to consider that subject in the case of Elias v. Schweyer, 13 App. Div. 337, 43 N. Y. Supp. 55, where it is declared to be the duty of the court, notwithstanding the waiver by the defendant, to bring in parties under certain circumstances. That duty should be exercised wherever the interests of those not made parties to the action are involved, or the judgment to be entered must necessarily affect their interests. But that does not impose upon the court the duty of granting an application of the defendants to bring in parties where the right to bring them in has been lost. As was remarked in the case of Osterhoudt v. Board, 98 N. Y. 239, in construing the sections of the Code relating to the duty of the court to bring in

new parties, the meaning of the sections "is that the defendant, by omitting to take the objection that there is a defect of parties by an answer or demurrer, waives on his part any objection to. the granting of relief on that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment."

In the case at bar, Mrs. Squire and the remainder-men were proper, if not necessary, parties, and it would have been proper had they been represented on the trial; but, so far as the defendants are concerned, it is apparent from the decree that their rights are not jeopardized, because the provisions of that decree are such that the injunction therein provided for is not to become effectual as to the premises No. 104 Third avenue unless the plaintiff procures and delivers to the defendants a conveyance executed by Mary A. Squire of her interest in the easements taken, and it is further provided that, if the defendants elect within a certain time to pay the value as found of the interest of both the life tenant and the remainder-men in the easements, the plaintiff shall procure and deliver to the defendants a conveyance executed by himself and Mary A. Squire and the remainder-men, and, in default of such release or conveyance being furnished, the injunction shall not issue.  These provisions of the decree protect the defendants in every right they have, and fully provide for the extinguishment of all interests in the easements taken by the defendants in the construction and operation of their road in front of the premises No. 104 Third avenue.  With these conditions annexed to the decree, the burden of clearing the whole title to the easements is thrown upon the plaintiff. Everything may be accomplished under the decree that would have been accomplished had the life tenant and the remainder-men been made parties to the record, and with the case in that situation it would be idle to send it back to have the action reconstituted merely to accomplish the same object.  If the releases are not procured, there will be no molestation of the defendants in the operation of their road in front of the premises in question.

Concerning the subject of the amounts awarded by the court for fee value and for damages to rental value, in view of the conflicting evidence in the case, we do not feel called upon to disturb the findings of the judge at special term.  The amounts fixed seem, upon the whole evidence, to be reasonable.

An exception was taken at the trial to the admission in evidence of certain entries from a book kept by one Bisco, who at one time was an agent who collected the rents of the properties.  It is unnecessary to pass upon the correctness of the ruling, for the same evidence was subsequently given on the trial by the witness Thompson, who received from Bisco his checks for amounts of rent collected by the latter from the tenants of the premises.

The judgment should be affirmed, with costs.

RUMSEY, WILLIAMS, and PARKER, JJ., concur.  VAN BRUNT, P. J., dissents.