DAILEY BROTHERS, INC., Plaintiff, *v.* W. A. CLEMENTS COMPANY, INC., and Others, Defendants.

Supreme Court, Monroe County, February, 1923.

Costs — action in alternative against two defendants — judgment recovered against one — successful defendant not entitled to costs against plaintiff — Civil Practice Act, § 213.

The suing in the alternative of two or more persons is a form of action at law new to the practice in this state but authority therefor is found in section 213 of the Civil Practice Act.

The trial of an action brought by invitation of section 213 of the Civil Practice Act to recover the purchase price of merchandise sold to the principal defendant through another of the defendants, as its agent, was confined to the issue of the authority of said agent, which the disclosed principal repudiated. As a part of the plaintiff's case witnesses produced by the alleged agent were sworn and examined by its attorney, and the verdict of the jury was in favor of the plaintiff and the defendant, the alleged agent. The answer of the alleged agent contained no prayer for costs or other relief against the unsuccessful defendant upon whom the answer was not served.

The application of the successful defendant made under section 1476 of the Civil Practice Act for costs against the plaintiff will be denied as a matter of discretion.

APPLICATION by defendant for costs against plaintiff under Civil Practice Act, section 1476.

*John Van Voorhis' Sons,* for plaintiff.

*Remington & Remington,* for defendant Clements Company.

*Isaac Adler,* for defendant Hotaling Company.

THOMPSON, J. The suing in the alternative of two or more persons is a form of action at law new to the practice in this state. Authority for it is found in section 213 of the Civil Practice

Act and is said to have been taken from the new English Practice Act, Order XVI, rule 7. The action here is identical with the illustration of the reason for the practice found in the notes to the English Practice Rules. The defendant Clements Company, sued by plaintiff for the purchase price of merchandise purchased through the defendant Hotaling Company, as agent for Clements Company, its disclosed principal, repudiated the agent's authority. The trial was confined to this issue, and, defendant Hotaling Company, through its attorney, producing, swearing and examining its witnesses, as a part of the plaintiff's case, the jury have found a verdict in its favor and plaintiff's.

Now comes the question of costs, this being an application on the part of the defendant Hotaling Company, directed to the discretion of the court, asking that costs be allowed to it against the plaintiff. In accordance with the general rule of the law of agency, so long as a broker discloses his principal he cannot be held personally liable upon a contract he negotiates in the latter's behalf, but if he neglects or refuses to do so, he becomes personally responsible for its performance. 4 R. C. L. 392.

A person assuming without authority to act as agent for a disclosed principal cannot be held liable on a contract made by him in this assumed capacity unless the contract contains apt words to bind him personally, in the absence of which the only remedy is by an action for the breach of his implied warranty that he has authority or for deceit if the circumstances permit. *Taylor* v. *Nostrand,* 134 N. Y. 108, 110; *Fulton* v. *Sewall,* 116 App. Div. 744, 748.

Where an agent acting without fraud but without authority induces another to enter into an agreement he is liable to such other upon an implied warranty of his authority to make the contract into which he entered. *Dung* v. *Parker,* 52 N. Y. 494; 31 Cyc. 1614; *Taylor* v. *Nostrand, supra;* 31 Cyc. 1545.

In an action by a third person against one who has assumed without authority to enter into a contract as agent for another, the measure of damages is the loss which has resulted to the third person as a natural and probable consequence of the want of authority, and is not limited by the contract but embraces all injuries resulting from the wrongful assumption. 31 Cyc. 1557; *White* v. *Madison,* 26 N. Y. 117.

Thus the agent is liable for the costs incurred by the third person in an unsuccessful action against an alleged principal to enforce the unauthorized contract. 31 Cyc. 1537; *Benjamin* v. *Ver Nooy,* 36 App. Div. 581, 584; *Haupt* v. *Vint,* 34 L. R. A. [N. S.] 518, 540, n.)

Equally should he be entitled to costs when an unsuccessful

attempt has been made to hold him for his principal's contract, upon the strength of the principal's denial of his authority in making it.

The costs in such cases are controlled by section 1476 of the Civil Practice Act, which provides that where plaintiff is entitled to costs against one or more, but not all defendants, defendant is not entitled to costs of course. In such case, however, costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defeated defendant. The awarding or withholding of costs under this section lies solely in the discretion of the court. *Kozlowski* v. *Gomolski,* 224 N. Y. 570.

And the design of the change in the statute effected by the amendment of 1851 was for the express purpose of extending the rule in equity cases to actions at law in reference to the question of costs to a successful defendant in a case where the plaintiff defeats a codefendant. *Allis* v. *Wheeler,* 56 N. Y. 50.

The court has the power, in its discretion, to award costs in favor of a successful defendant against an unsuccessful defendant, under section 1476 of the Civil Practice Act, so the courts have held.

In the case of *Budd* v. *Munroe,* 18 Hun, 316, we find an award of costs to one defendant against another affirmed by the General Term, first department, the court holding that the successful defendant having been brought into court by no fault of its own, but by the assertion of an unlawful claim upon the part of the defeated defendant, costs should follow. So again in the case of *Chester* v. *Jumel,* 24 N. Y. St. Repr. 230, the same court affirms an award of costs in favor of successful defendants against those unsuccessful, " * * * and, as the litigation, * * * principally arose out of the contest of these defendants, the allowances were properly charged against moneys belonging to them."

In *Knapp* v. *New York Elevated R. Co.,* 4 Misc. Rep. 408, a referee's award of costs to a prevailing defendant against a defeated defendant is approved, the court saying: " It is not unusual to allow costs to one defendant against another in the same case " (citing *Budd* v. *Munroe, supra; Chester* v. *Jumel, supra*), and in support of its approval of the referee's action the court asserts the authority of section 3230 of the Code of Civil Procedure, now Civil Practice Act, section 1477, the reasoning doubtless being that in case the provisions of section 1476 of the Civil Practice Act, formerly section 3229 of the Code of Civil Procedure, do not afford power to grant costs in such cases, then the broader provisions of this section may be invoked upon the theory that in terms it covers every pos-

sible case not provided for in the remaining sections of the act. So in the case of *Roberts* v. *N. Y. R. R. Co.*, 155 N. Y. 31, in which the Court of Appeals has occasion to disapprove of the allowance of costs in a similar situation, their decision is based, not upon lack of power, but upon the trial court's abuse of discretion in the exercise of the power.

Thus we see that when section 213 of the Civil Practice Act became law it found already here appropriate and ample method and authority for the determination of all questions of costs which might arise in actions brought in faith of its provisions, and, in the light of the universally acknowledged care and success attendant upon the enactment and operation of this, the most practical as well as the most scientific code of procedure ever adopted or suggested for the use of the courts of this state, it must be assumed, and without doubt it is a fact, that the establishing and observance of the practice as to costs here being considered, and the precedents therefor, was known and considered by its sponsors, not alone in reference to the induction of this new action in our practice, but in connection with their adoption of the sections of the Code of Civil Procedure under and by force of which such practice was authorized. Civ. Prac. Act, §§ 1476, 1477; Code Civ. Pro. §§ 3229, 3230.

So doubtless their attention was given to the fact that this practice as to costs in connection with these actions is followed by the English courts under the act from which our act, in this respect, is derived.

" Where a plaintiff sues two defendants, each of whom throws the blame on the other, the unsuccessful defendant should pay the costs incurred by the plaintiff and the successful defendant to them direct." *The Esrom and the Hopper Wills No. 66*, (1914) W. N. 81.

In the case at bar it would be inequitable to award the successful defendant costs against the plaintiff or against the defeated defendant. The plaintiff brought his action by invitation of the provisions of the new practice and in reliance upon a proper exercise of discretion by the court in the matter of costs. The successful defendant has at no time asserted a claim for costs against the unsuccessful defendant. Its answer contains no prayer for costs or other relief against it, nor was it served upon it. And its brief, on submission, recites that there is no theory upon which costs can be recovered by either defendant against the other. The defendant Clements Company on submission urges that no answer having been served on it, it was not apprised of the nature of the defense defendant Hotaling Company intended to make, nor was any claim of costs

or other relief made by that defendant against the defendant Clements Company at any time. If said defendant had served such an answer, it might have changed or influenced the course of defendant Clements Company.

The court has power in its discretion to allow costs in favor of a successful defendant against an unsuccessful defendant in a proper case. But such an award should only be made when an answer demanding it has been duly served upon the defeated defendant so that he may have had full and authoritative notice that such a claim would be made.

Holding these views I must deny the defendant Hotaling Company's application for costs against either party.

Ordered accordingly.