THE F. M. ORTON COMPANY, Plaintiff, *v.* INEZ EARL and Others, Defendants.

County Court, Oneida County, June 23, 1930.

*Arthur S. Evans,* for the plaintiff.

*T. J. McNamara,* for the defendants Barber and the motion.

*Searle & Searle,* for the defendant Earl.

HAZARD, J. Plaintiff is in the undertaking business in the city of Rome. In that city, in May, 1929, one Charles H. Barber died. Plaintiff furnished the funeral, more or less definitely upon the order of some or all of the defendants. Defendant Earl was the *fiancée* of the decedent and defendant Fred E. Barber was his brother and the other defendant is the brother's wife. Plaintiff has brought this action against all three, claiming that they definitely promised to become responsible for the furnishing of the funeral. The defendants Barber answer jointly by separate attorney from that of the defendant Earl. The jury found against defendant Earl but rendered a verdict of no cause of action as to the defendants Barber. They have, therefore, made an application for costs under section 1476 of the Civil Practice Act. It has been definitely decided in such a case that the successful defendants may not as a matter of course tax up a bill of costs. (*Kozlowski* v. *Gomolski,* 224 N. Y. 510.)

The Civil Practice Act section cited above makes the possible allowance of costs in a case like this a matter " in the discretion of the court." It has not been made very clear, either by the section cited or by any decision which I have been able to find, under what circumstances it is proper for the trial court to allow costs to a successful defendant. Apparently the matter is more or less directly governed by the court's idea of justice in the premises, as for instance in the case where a husband and wife were sued jointly and the recovery was against the wife only and the court made allowance of costs to the successful husband, but set off the amount against the judgment against the wife. (*Hodgkins* v. *Mead,* 5 N. Y. Supp. 435.) Similarly in the case of *Wamati Trading Co.* v.

*Hoexter* (                                        ), in a case where the defendant had been carrying on a business as copartner and was relieved from liability on account of infancy, the court said: " It does not seem to be a just exercise of discretion to allow him to recover costs after having enjoyed the advantages of the purchase of the property." Apparently there is nothing in the situation which would form a basis of allowing costs against the defeated codefendant or upon the facts. It was said in *Dailey Bros.* v. *Clements Co.* (120 Misc. 310) that an award against an unsuccessful codefendant should only be made when an answer demanding it has been duly served upon the defeated defendant.

I do not apprehend that the matter of whether the costs should be allowed against the plaintiff and in favor of the successful defendant should be settled as a matter of judicial favor, but rather upon the basis of what constitutes justice and right in the premises. Considering the situation from that standpoint, we have a situation in which the plaintiff has sued three individuals, none of whom was as a matter of law responsible for the funeral services of the decedent. Clearly, as pointed out to the jury, the liability, if any, arose upon contract. The witness Orton, who acted for the plaintiff, testified that all three defendants, in response to his question as to who was to be responsible for the funeral furnishings, said that they would be. The jury were charged that, if they believed that statement, they should find for the plaintiff and against all of the defendants. Obviously they did not believe it, as they found only against one defendant. The jury have, therefore, found that the plaintiff company has no claim against the defendants Barber, notwithstanding that they have been brought into court, compelled to employ counsel and defend themselves before a jury against what the jury have decided was an unwarranted and unfounded claim. They have won in their contention, and it, therefore, seems just to me that they should be allowed the taxable costs provided in such a case.

Plaintiff complains that such a ruling would be a hardship as to it, but I cannot coincide with that view. It quite looked to me upon the trial as if Mr. Orton was very easily and unwarrantably satisfied with the statement of one or more of the defendants that the deceased was insured, and that he did not inquire into the nature or extent of the insurance or who was the beneficiary named. The statement that the three defendants, apparently in chorus, when he asked who was to be responsible for this, replied, " We will," seemed exceedingly dubious. A signed memorandum or even a real, definite and specific agreement with one or more of the defendants would have eliminated this lawsuit and put the

plaintiff in the position where its officers would have known who to sue and who not to sue. Under the circumstances of this case and in view of the outcome, I think it would be more of a hardship to compel the defendants to defend successfully what, in view of the outcome, must be considered an unwarranted suit, at their own expense, than it would be to compel the plaintiff, who went into the transaction blindly and brought the suit in the same way, to pay the defendants' costs after they had established their freedom from liability. A single bill of costs will be allowed against the plaintiff and in favor of the defendants Barber.