# ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COMPANY

## v.

## EDWARD STROTZ.

*Railroads—Negligence—Fire—Sparks.*

1. This court will not consider an alleged error in the modification of an instruction, the instructions not being incorporated in the abstract.

2. In an action brought to recover for damages alleged to have been occasioned by fire set by sparks from a locomotive, where it is shown that such sparks set the fire, a *prima facie* case is established for the plaintiff, and the burden is cast upon the defendant to rebut the liability.

3. This court declines, in view of the evidence, to interfere with the judgment for the plaintiff in the case presented, wherein it was sought to recover for damages caused by such a fire.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of St. Clair County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. TURNER & HOLDER, for appellant.

Mr. WILLIAM WINKELMANN, for appellee.

MR. JUSTICE SAMPLE. This suit was brought to recover damages alleged to have been occasioned by fire caused by sparks said to have been emitted from the locomotive engine of appellant. The case was tried before a jury, which returned a verdict in favor of the plaintiff for the sum of $70, which was approved by the court.

The fire originated outside of the right of way of appellant. The evidence justifies the verdict in finding that the fire was caused by sparks thrown from the locomotive. Such fact being established, a *prima facie* case was made for the plaintiff, and the burden was cast upon the appel-

lant to rebut the liability thus arising by presumption of law. Whether it did or not, was a question of fact for the jury and the court below. While not entirely satisfied with the finding on this point, yet we do not feel disposed to say that it was unwarranted.

Complaint is made of the modification of an instruction asked by the appellant. As none of the instructions given or refused on either side are incorporated in the abstract, which is a violation of an imperative rule of this and other appellate courts, we decline to consider that assignment of error. The judgment is affirmed.

*Judgment affirmed.*