## Chicago & A. R. R. Co. v. John Glenny and Martin Glenny.

1. RAILROADS—*Proof of Liability for Damage Caused by Fire.*— In a suit to recover for damages alleged to have been occasioned by fire set by sparks from a locomotive, if it is shown that such sparks set the fire, a *prima facie* case is established, and the burden is thrown upon the defendant to rebut the liability.

2. SAME—*Liability for Damage Caused.by Fire.*—In a suit to recover for damages alleged to have been occasioned by fire set by sparks from a locomotive, if it is shown that the fire actually started in the railroad company's right of way, in consequence of dangerous combustible materials having been negligently left thereon, a clear case of negligence is made against the company, without reference to the condition of the engine.

3. PLEADING—*Plea of General Issue Does Not Put in Issue Incorporation of a Defendant Company.*—In a suit against a railroad company to recover for damages alleged to have been occasioned by fire set by sparks from a locomotive, if the defendant plead only the general issue, proof that it is an incorporated company is not required.

Trespass on the Case, to recover for damage caused by fire. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

GEORGE S. HOUSE, attorney for appellant.

R. W. BARGER and HALEY & O'DONNELL, attorneys for appellees.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case, brought by appellees against appellant to recover damages for the destruction of property by fire, alleged to have been communicated by one of appellant's engines drawing a train of cars on its railway, running past appellees' premises.

The first trial of the cause resulted in a disagreement of the jury, but upon a second trial there was a verdict in favor of appellees for $7,849.18.

The trial court required a remittitur of $1,349.18, and

that being entered, a motion for a new trial was overruled and judgment rendered for $6,500, to reverse which appellant prosecutes this appeal.

Numerous errors are insisted upon as grounds of reversal, principal among which, it is urged that the evidence is not sufficient to support a verdict under either count of the declaration. It is also claimed that there is error in the instructions and that the damages are excessive.

A very careful examination of the record satisfies us that neither of those claims furnishes a sufficient reason for reversing the judgment.

There can be no reasonable question, under the evidence, that the fire which destroyed appellees' property, was communicated by, and started from, a passing locomotive engine drawing one of appellant's trains. Under the statute this was full *prima facie* evidence to charge appellant with negligence. Rev. Stat. 1874, p. 814; 2 Starr & Curtis, 1949, par. 104. Whether this *prima facie* case was rebutted by appellant, was a question of fact for the jury, and we see no sufficient reason for interfering with the verdict on that point. Notwithstanding appellant's proofs as to the proper equipment and handling of the engine, the fact remains that a shower of sparks was seen to be escaping therefrom while it was passing by appellees' premises, and by reason thereof their property was destroyed. Philip Hayes, living on a farm adjoining that of appellees, testified that he saw the train when it passed; that the engine was throwing a shower of sparks thirty feet high, "like a shower of hail or a thick snow fall." Thomas Jackson, another neighboring farmer, testified that " as the engine passed along there was a great quantity of sparks flowing out." Jacob Talmage, another witness, testifies to seeing the train pass, and that the engine was throwing sparks, according to his judgment, thirty feet in the air. To the same effect is the testimony of appellees. Now, if the testimony of these witnesses is true (and it was for the jury to say whether it was or not), then something was wrong, either in the equipment or the handling of the engine. The expert wit-

nesses who testified for appellant, say that if the engine is properly equipped and properly handled sparks will not thus escape, and their evidence shows that if the engine allows a large quantity of fire to escape from the smoke-stack and set fire along the right of way, it is either out of order or else improperly handled.

In this state of the evidence it was for the jury to say whether the *prima facie* case made out by the appellees had been rebutted by appellant. St. Louis, A. & T. H. Ry. Co. v. Strotz, 47 Ill. App. 342; Louisville, etc., Ry. Co. v. Spencer, 149 Ill. 97; Lake Erie & Western Ry. Co. v. Kirts, 29 App. 175; Wabash R. R. Co. v. Smith, 42 App. 527.

But there was evidence in this case from which the jury were warranted in finding that the fire actually started in appellant's right of way, in consequense of dangerous combustible materials having been negligently left thereon by appellant, and if it did, this made a clear case of negligence against appellant, without reference to the condition of the engine. C. & E. Ill. Ry. Co. v. Goyette, 133 Ill. 21.

Objection is made that there is no proof appellant was an incorporated company, and that therefore no case was made against it under the statute, and because of such want of proof some of the instructions are erroneous. But appellant was declared against as an incorporated company, and appears to have been served with process as such. There was no plea of *nul tiel corporation* filed, the only plea of appellant being the general issue. Nor does the question appear to have been in any manner raised in the court below. Under the pleadings we do not think it was necessary to put in affirmative proof of the incorporation; but at any rate the question ought not to be raised in this court for the first time, and so far as that point is concerned we hold the objection insufficient to warrant a reversal. We find no substantial error in the instructions.

As to the point that the damages are excessive, we think the remittitur entered was amply sufficient to cover the value of any property concerning which there might be a doubt of appellees' right to recover for. It is true the

amount of the judgment is large, but it is warranted by the evidence, and we can not say the damages are excessive.

The question raised by appellant concerning the ownership of the property, as between the heirs of the elder Glennys, and also as to the respective rights of appellees and the insurance company, or the contract existing between them, we think are matters with which appellant has no concern. If, by its negligence, appellant destroyed appellees' property, it should pay the damages; and so far as appellant is concerned, it is immaterial whether the insurance company or appellees get the money.

Finding no serious error in the record, the judgment must be affirmed.