## GAINESVILLE, JEFFERSON & SOUTHERN RAILROAD COMPANY *v.* EDMONDSON *et al.*

1. To authorize a plaintiff to recover damages from a railroad company for the destruction of property by fire caused by the running of its locomotive, it must appear that such damage was occasioned by the fault or negligence of the company or its agents. If, without more, it should be shown that the fire was occasioned by operation of the locomotive, negligence on the part of the company would be presumed.
2. When, however, the evidence only raises a suspicion that fire was communicated to the property destroyed by the passing engine, and the uncontradicted testimony was that the engine was in good order and equipped with a proper spark-arrester in good condition, and no evidence appearing that in the handling of the engine sparks were emitted or fire thrown therefrom at the time, before, or after the conflagration for which damages are sought, a legal recovery can not be had; and the court erred in refusing to grant a new trial.

Argued June 23, — Decided July 20, 1897.

Action for damages. Before Judge Hutchins. Walton superior court. August term, 1896.

This was a suit against the railroad company to recover damages resulting from the burning of a gin-house. To the refusal of a new trial after the rendition of a second verdict for the plaintiffs, the defendant excepted. The burning occurred about three o'clock in an afternoon in April, 1894. There had been no fire in or about the house for several days. The engine of defendant's train had stopped about forty feet from the house, this being at or near the usual place of stopping at Whitney station. The weather was dry and windy, the wind blowing from the northwest and in the direction of the house. The train stopped for two or three minutes, and ten or fifteen minutes after it left the house was found burning on the southwest corner next to the railroad. There was conflict in the testimony as to whether the engine was roaring and had on the blower when it stopped at the station. The ground underneath the house had been cleaned off about three months before. According to some testimony, the fire was coming straight out from the inside of the house; while other testimony indicates that it was burning up through the floor under the house when discovered—it was right under the middle of the building, and had burned considerably. The house was four or five feet above the ground. There was testimony for defendant, that according to the direction in which the wind was blowing, the sparks, if any had escaped, would have blown to the south of the house instead of toward it; and that the engine was in proper condition, including the spark-arrester in the smoke-stack, which was the best known device for preventing the escape of sparks. For the other facts see the opinion.

*Joseph B. & Bryan Cumming* and *Henry D. McDaniel*, for plaintiff in error.

*W. S. McHenry*, contra.

LITTLE, J. An action was brought against the railroad company, to recover damages sustained by reason of the burning of a gin-house and certain valuable contents. The petition alleged that the burning was caused by the negligence of the company and its agents in and about the running of its

locomotives and machinery, by negligently and carelessly throwing out sparks from the locomotive. The plaintiffs had a verdict. The defendant company made a motion for a new trial, which was refused, and it excepted. The motion contains several grounds relating to the charge of the court and its refusal to charge. As, however, the case goes back and our judgment of reversal is made on the ground that the verdict is contrary to the evidence, we do not deem it necessary to pass on the other alleged errors set out in the motion.

1. The rule by which a railroad company can be held liable for damages occasioned by fire emitted from or otherwise thrown out by its locomotives is well· settled. The law governing this class of cases is necessarily, from the comparatively recent use of steam in the propelling of cars on railroads, of modern origin, and the principles which control the cases are derived by analogy. ˙One of the earliest cases to which our attention has been called is that of Vaughan v. Taff Valley Railway Company, an English case decided in 1858, and reported in 3 H. & N. 742. In this case the Court of Exchequer held that railroad companies, by using fire, were responsible for any accident which might result from its use. On appeal, however, the Court of Exchequer Chamber reversed this ruling; and the doctrine is now clearly and well established, that when the legislature has sanctioned and authorized the use of a particular thing, and it is used for the purpose for which it is authorized and every reasonable precaution is observed to prevent injury, the sanction of the legislature carries with it this consequence: that if damage results from the use of such thing, the party using it is not responsible. Therefore in case of railroads authorized to propel their cars by steam, the gist of their liability for injuries caused by the escape of fire is negligence. This is now the law of England, and of every State in the Union except where altered by statute. 1 Thompson on Negligence, 152, § 8, citing a large number of cases in note 7, which fully support the text. We have in this State no statute law which changes this rule of liability, and unless in cases of this character the fire is occasioned by some act of negligence on the part of the company or

its agents, no liability attaches to the railroad company to respond for the damages sustained. *Georgia Railroad* v. *Lawrence*, 74 *Ga.* 534; see also 61 Texas, 660; 2 Am. & Eng. R. Cas. 275, and note. This negligence must refer either to the condition of the locomotive from which the fire emanated, or to its handling or management at the time the fire was occasioned. 45 Am. & Eng. R. Cas. 558. It will be understood, of course, that this rule of liability is not exhaustive of the entire scope of a railroad's responsibility in fire cases, but is applicable to the questions made by the pleadings and evidence in this case. Modern science and ingenuity have not yet reached a point where it is possible to propel locomotives by the use of steam in such manner as to absolutely prevent the emission of sparks of fire in their operation. The law does not require that engines shall be so constructed, equipped or managed as that no sparks of fire shall escape from them; and even if a fire does originate from a spark thrown out by a locomotive, that of itself does not, without more, render the defendant liable. Negligence must be made to appear. 45 Am. & Eng. R. Cas. 268. Assuming in this case that the burning of the house was occasioned by fire thrown out from the engine, the defendant is to be held liable or not, as the facts establish or fail to establish negligence on its part; and in determining that question, the condition of the engine, and the manner in which it was handled at the time of the fire, will control the finding. Not many of the States have statutes which raise a presumption of negligence when an injury is shown to have been occasioned by the running of the locomotives and cars. In some it has been held, that when a fire has been shown to have occured by this means, the plaintiff must go further and show negligence. 13 Am. & Eng. R. Cas. 488, note. In other States it has been held, that proof of the fact that the fire was occasioned by the escape of sparks from a passing engine raises a presumption of negligence. 2 Am. & Eng. R. Cas. 565. In this State there is no question on this point. In the case of *E. T., V. & G. R. R.* v. *Hesters*, 90 *Ga.* 11, this court held, that when the declaration alleges that the company by its servants in the operation of its locomotives did

negligently and carelessly throw out fire whereby property of the plaintiff was burned, the rule of the code raises a presumption of negligence on proof that plaintiff's property was so burned. But in jurisdictions where a presumption of negligence arises on proof that the fire was set by the defendant's locomotive, the plaintiff must show that the company set the fire, at least, in order to make out a prima facie case. 50 Mo. App. 504; 47 Ill. App. 342; 22 Fed. Rep. 811. We may take it as the established law of this State, that when proof is made that the property of one person has been injured or destroyed by fire occasioned by sparks from a locomotive, the burden is on the railroad company to show that the emission of such sparks or the escape of the fire from the locomotive was not due to the want of ordinary diligence on the part of itself or its servants, either as to the condition of the locomotive or in its management and operation. It is always incumbent on the plaintiff to make proof that the fire was communicated by the locomotive of the defendant. But few cases will occur, however, where the fact that the fire was communicated is susceptible of direct proof. Consequently such proof must be more or less circumstantial. The evidence, however, must be sufficient to establish a reasonable inference that the fire originated from sparks or fire emitted or thrown out by the locomotives of the company. If it raises only a mere conjecture as to whether the fire was or was not so occasioned, no recovery can be had. 86 Wis. 468. If it is sufficient to fix the source of the fire upon the railroad company, the law of this State by the presumption before referred to makes a prima facie case, which, if not rebutted, entitles the plaintiff to a recovery.

2. A careful examination of the record in this case as to the origin of the fire raises at most only a suspicion that it was occasioned by sparks issuing from the locomotive in passing the gin-house, or when it was standing near it at the station. We say a suspicion, because fires near a railroad-track may occur from other causes than from the locomotive. There is no presumption that the fire did occur from the locomotive, and of course no presumption of negligence until the fact that the fire originated from the locomotive has been sat-

isfactorily shown. It will not be sufficient for the plaintiff to prove that the fire might have proceeded from the defendant's locomotive, but he must show by reasonable evidence that it did so originate. As we have stated before, however, it is not necessary to prove this beyond a reasonable doubt. 45 Am. & Eng. R. Cas. 565. Even if we assume in the present case that the evidence was sufficient to warrant the finding that the fire was occasioned by sparks emitted from the locomotive, and give full effect to the presumption of negligence which arises on this proof, and consequently hold the defendant to the duty of rebutting such presumption, it would seem that it has here sufficiently been done. The condition of the locomotive at the time of the fire is not shown by the proof offered by the plaintiffs to have been bad, nor does such proof tend to show that it was improperly handled. It is true that it is shown by the evidence of a witness that at the time the engine stopped at the station near the house, the blower was on. It does not in any way follow that this was improper or negligent. The burden which the defendant carried was to rebut the presumption of negligence. On the part of the defendant it was shown that the locomotive was equipped with an approved spark-arrester; that it was in good condition; that no fire escaped which could have reasonably been prevented. Witnesses were also introduced who testified to the proper and careful handling of the machine. We do not find in the record the testimony of any witness which negatives either of these propositions. If the engine was in the condition in which the undisputed evidence shows it to have been; if it was properly and carefully handled and operated, then under the law, as we have seen, the defendant company is not liable; and as nothing to the contrary appears in the record, we conclude that the presumption of negligence, even if it arose, was rebutted, and the court below should have granted a new trial.

*Judgment reversed. All the Justices concurring.*