## Chicago & Erie Railroad Company v. O. P. Neilson.

### Gen. No. 11,538.

1. OWNERSHIP AND OPERATION—*when prima facie established.* Held, from the particular evidence of this case, that the ownership and operation of the train in question, was *prima facie* established.

2. FIRE COMMUNICATED BY LOCOMOTIVE—*what does not rebut prima facie case of.* Where there is direct evidence that the fire in question was started by sparks from the locomotive of the train in question, the *prima facie* case so made is not rebutted by mere proof that the engine was equipped with the best appliances for arresting sparks.

3. FIRE COMMUNICATED BY LOCOMOTIVE—*who liable for.* The liability for such a fire extends to those having the care and management of the engine as well as to the owner of the road.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

**Statement by the Court.** This is an appeal from a judgment rendered by the Circuit Court on appeal from a justice of the peace. Appellee sued to recover for the loss of a stack of hay alleged to have been burned by a fire started by sparks from an engine of appellant. There is evidence tending to show that the fire started in long dry grass upon the railroad right of way, from which it extended to appellee's premises and hay.

W. O. JOHNSON and JOHN STIRLEN, for appellant.

THOMAS J. PEDEN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. It is contended that the suit was brought against the

wrong party and that appellant is not the actual wrong-doer in the case. There is evidence tending to show that the coaches of the particular train which started the fire bore the name "Chicago and Erie," and that the engine had on it the name "Erie." There is further evidence, less direct in its nature, which nevertheless tends to show that the "Erie" and "Chicago and Erie" are in fact controlled by one and the same general organization and that though seperate corporations they are parts of the same system under the same general management. We are compelled to regard the evidence sufficient to warrant the jury in finding the question of fact in controversy against appellant's contention. Even if the engine was the property of the "Erie" and not of the "Chicago and Erie," the evidence tending to prove that it was hauling a train composed of "Chicago and Erie" cars, if credited, may be deemed *prima facie* evidence that the train was operated and controlled directly or indirectly by or for appellant. As said in P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406–411: "It was evidence tending to show responsibility of plaintiff in error for the injury, and it was not error in the trial court to refuse to take such evidence from the jury." Conclusive evidence of the ownership and operation of trains is often difficult to obtain when the same line under the same general management is operated under different corporate names; and where the railroad company keeps silent, even slight evidence should not be excluded from the consideration of the jury upon a question of that character. Appellee called appellant's attorney as a witness and he did not know who owned the trains, but "should say that the Erie Railroad Company did." There is testimony which we think would warrant the jury in believing that even if the "Erie Railroad Company" was operating the trains of the "Chicago and Erie Railroad Company" running into Chicago, it did so as the agent of the latter company, which apparently has no engines of its own, according to testimony of its attorney.

It is urged that there is no positive testimony as to

whether the fire began on the railroad right of way or on the premises of appellee. There is evidence in the record not abstracted which while not very clearly stated in this respect tends to show that the fire was started both inside the right of way and outside of it. There was dry grass on the right of way which was set on fire. The statute (R. S. Chap. 114, Sec. 63) makes it the "duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds or other dangerous combustible material, and for neglect" so to do the company is liable for all damages so occasioned. Section 103 of the same chapter provides that in actions for damages on account of injury "occasioned by fire communicated by any locomotive engine" the fact that the fire was so communicated "shall be taken as full *prima facie* evidence to charge with negligence" those in use and occupation of the railroad as owners, lessees or mortgagees and those having at the time the care and management of the engine. There was here direct evidence that the fire was started by sparks from the locomotive of the train in question and this evidence is not rebutted by mere proof that the engine was equipped with the best appliances for arresting sparks. The fact that the fire was communicated by the engine, when established, makes out a *prima facie* case of negligence under the statute. C. & A. R. R. Co. v. Glenny, 70 Ill. App. 510; C., C., C. &. St. L. Ry. Co. v. Hornsby, 202 Ill. 138–140. The liability extends to those having the care and management of the engine, as well as to the owners of the road. The verdict holding appellant liable is, we think, justified by the evidence.

We do not regard a judgment of seventy dollars as excessive under the evidence, and it will be affirmed.

*Affirmed.*