## WESTERN & ATLANTIC RAILROAD CO. *v.* TATE *et al.*

1. When the cause of action alleged is an injury both to the possession and to the estate in fee, affecting all the plaintiffs though in different degrees, a tenant for life of an undivided part of the land, and the remaindermen, who also own the fee in the balance of the land, may join in an action for the recovery of damages.

2. The charge on the subject of the duty of a railroad company to exercise ordinary care in keeping its right of way clear of combustible matter was not open to the criticism that it implied a duty to exercise ordinary care in keeping the right of way absolutely clean.

3. A charge relating to the credibility of witnesses, in effect that if any conflicts between witnesses are found, the jury should attempt to reconcile such conflicts without imputing perjury to any witness, but if unable to do so, then to ascertain the truth "in the light of all the circumstances as detailed from the witness stand and in the light of human conduct and of reason and common sense," does not withdraw from the consideration of the jury any documentary evidence, and especially so when the jury is instructed in another portion of the charge to take into consideration all the evidence in the case.

4. The return of a taxpayer, as contained in the tax-receiver's digest, may be considered by the jury on the issue of the value of the property therein included, as an admission. Such admission is not conclusive evidence of the value of the property. An instruction which does not in terms state that the jury may consider such return as in the nature of an admission, but states that they may consider it as a circumstance of the case, will not require the grant of a new trial.

5. Where there is a diminution in value of land caused by the negligent firing and destruction of growing timber thereon, the measure of dam-

ages is the diminution in the market value. In cases where growing timber, much of which is young and immature, is destroyed by fire as a consequence of a negligent tort, and there is no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages is the value of the timber destroyed in its then state as attached to the land on which it grew. Both of these principles may be charged in the same case, if the facts are such as to warrant it.

6. The failure to give in charge a pertinent instruction not requested in writing will not require a new trial, where the general charge substantially covers the issues in the case.

Argued June 20,—Decided November 15, 1907.

Action for damages. Before Judge Fite. Gordon superior court. December 8, 1906.

*John L. Tye, Neel & Peeples,* and *O. N. Starr,* for plaintiff in error. *N. A. Morris, F. C. Tate,* and *F. A. Cantrell,* contra.

EVANS, P. J. This is an action by Winnie Tate, Mary B. Tate, Susan A. Tate, Arthur H. Tate, Caleb R. Tate, Samuel Tate, and Winnie Tate as next friend of Daniel J., Willie C., and Winnie Tate, against the Western and Atlantic Railroad Company, to recover damages resulting from the firing of the growing timber upon land owned by the petitioners, by sparks emitted in the negligent operation of the defendant's train of cars.

1. A new trial is asked, "because, as movant insists, the plaintiffs brought and have prosecuted their said action as joint owners of the lands and timber growing thereon, described in the petition in said case; whereas, as movant insists, the evidence introduced on the trial of said case before the jury conclusively established the fact that one of said plaintiffs, to wit, Mrs. Winnie Tate, was and is the owner of a life-estate only, in the undivided one-ninth of said land and growing timber, the other eight plaintiffs owning the estate in remainder in and to said undivided one-ninth of said land and growing timber, and also owned the remaining eight-ninths of said land and timber in fee simple." We do not agree to movant's contention that the pleadings necessarily set out that the plaintiff's title is joint. The allegation in the petition respecting their title is "that they are the owners of and are in actual possession of" certain described land. This is an allegation of ownership, but not necessarily that plaintiffs are joint tenants or tenants in common. These plaintiffs have a joint interest in the damage flowing from the alleged injurious act of the

defendant, and there is no reason why they may not all have re-
dress in one suit. We have broken away from the abstruse subtle-
ties of common-law pleading, and it is not necessary in our prac-
tice to so model the petition as to differentiate whether the action
be trespass or on the case. Every action is properly brought in this
State which sets forth plainly, fully, and distinctly the plaintiff's
cause of action. *McNabb* v. *Lockhart,* 18 *Ga.* 945; Civil Code,
§ 4960. These plaintiffs, as owners of the entire fee, allege that
they have sustained damage because of the defendant's negligent
acts. Where two or more have a joint interest in the damage caused
by the destruction of timber by fire, through fault of another, they
may maintain a joint action for the loss, without having jointly
the legal title in the timber and the land upon which it is growing.
This is upon the theory that when the cause of action alleged is
an injury both to the possession and to the estate in fee, affecting
both the tenant for life and the remaindermen, though in dif-
ferent degrees, they may join in an action for the recovery of dam-
ages. Such joinder can not possibly hurt the defendant, or deprive
it of any defense. A recovery would be a bar to any subsequent
action by any of the plaintiffs for the same cause. The defendant
is in no way inconvenienced in making its defense, and it is to
its benefit that it may adjudicate in one suit its liability to all
who have an interest in the freehold. The difficulty of apportion-
ing the damages, in case of a recovery, between the life-tenant and
the remaindermen, in no wise concerns the defendant; for it will
be protected in any event by the judgment. McIntyre *v.* West-
moreland Coal Co., 118 Pa. St. 108 (11 Atl. 808) ; Bach *v.* N. Y.
Elevated R. Co., 60 Hun, 128 (14 N. Y. Supp. 620) ; Cleveland *v.*
Grand Trunk R. Co., 42 Vt. 449; Gould on Pleading, 188 et seq.
Our attention is called by the plaintiff in error to the case of
*Wrightsville & Tennille R. Co.* v. *Holmes,* 85 *Ga.* 668, as main-
taining a contrary doctrine. In that case Holmes and his wife
sued for a trespass to land. The proof showed that Holmes pur-
chased the land with his wife's money, but took the title in his own
name. Blandford, J., in the opinion, said, that as "it is clearly
shown that there is no joint title in Holmes and wife, therefore
it would seem, without more, there could be no recovery." The
court did not make any positive ruling on the subject, but only
said that it seemed that where an action in trespass was jointly

brought, it would fail if there was no joint title. The petition in that case was construed to have alleged a joint title, and the court was dealing with a variance between the pleading and proof. In the instant case we hold that an allegation that the plaintiffs are the owners of realty does not necessarily imply a joint title; and if the proof shows that each plaintiff has some interest in the whole land, and their combined interests comprise the full fee-simple title, there is no variance with such allegation of ownership. Mrs. Tate's life-estate is limited to an undivided one-ninth part of the realty, but until the particular ninth is segregated from the whole, she is interested in the whole land.

2. The court charged that a railroad company should use ordinary care in keeping its right of way clear of combustible matter, but that the law does not require a railroad company to keep its right of way absolutely clean; but it "should use ordinary care to do so, and if it used ordinary care to do so, and leaves still accumulated, the road would not be liable; but if it did not use ordinary care in doing so, and the leaves accumulated and caught on fire from sparks from the engine, then it would be liable whether the engine was properly equipped or not." The criticism of this charge is that it was calculated to impress the jury that the railroad company was under a duty to exercise ordinary care in keeping its right of way absolutely clean. We think, when the charge in its entirety is considered, that it only amounted to an instruction that the duty imposed by law on the railroad company is to exercise ordinary care in keeping its right of way clear of combustible matter, and not to keep it absolutely clean, and was not calculated to otherwise impress the jury.

3. The charge must not withdraw from the consideration of the jury any evidence which may properly enter into the solution of any issue comprehended in the pleadings. Thus, where one of the parties relies, in part, on documentary evidence to sustain his contention, the judge should not instruct the jury that the evidence is what the witnesses swear upon the stand. *Bowden* v. *Achor*, 95 *Ga.* 245; *McLean* v. *Clark*, 47 *Ga.* 26; *Myers* v. *State*, 97 *Ga.* 79. When an attack for this cause is made on the charge, the excerpt criticised must be considered in its appropriate context. It is frequently impossible for a judge to state an entire legal proposition with all its qualifications and exceptions, in one clause or one

34

sentence. An isolated excerpt may be erroneous because of incompleteness of statement; yet its appropriate context may remove the apparent defect. In the present case, the court, in charging on the credibility of witnesses, after instructing the jury that if there were conflicts in the evidence, they should endeavor to reconcile these conflicts, and not impute perjury to any witness, said, "But if after an honest effort to reconcile the evidence you are unable to do so, then you should believe that which to you is the most reasonable and credible, that which as honest, conscientious, upright, intelligent jurors, wanting to do right and render a just verdict, you believe to be the truth of the alleged transaction, viewing them in the light of all the surrounding circumstances as detailed from the witness stand, and in the light of human conduct and of reason and common sense." Plaintiff in error contends that the quoted excerpt had the effect to withdraw from the consideration of the jury certain tax returns of plaintiffs, made before and since the fire, as illustrating the question of damage. We do not think this criticism just, and especially so as the court elsewhere particularly instructed the jury to take into consideration all the evidence from both sides, and ascertain the truth.

4. The defendant orally requested the court to charge "upon the subject of the tax books in evidence," which the court did as follows: "There are some tax books introduced in evidence. While you will consider that evidence with the other evidence in the case, and determine for yourselves what the truth is, the fact that a man may give in his taxes one year high, and one year low, does not necessarily bind him by that fact, but that is a circumstance that you may consider with the other circumstances in the case." The criticisms of this charge are, (1) that it did not give the jury any definite and intelligible rule on the effect of such evidence; (2) that it minified the probative force of the evidence; (3) that the court should have instructed the jury that they could consider the tax returns as an admission. The returns appear to have been made by Arthur H. Tate as agent for Mrs. Winnie Tate. Arthur Tate had testified as a witness. The tax returns are in the nature of an admission by the taxpayer of the value of his property. It is not a conclusive admission of the true value of the property returned, but the admission in the return may be considered by the jury in estimating the value of the property. It

would have been proper for the judge to have so charged; but inasmuch as he instructed the jury that such return was a circumstance which they might consider along with the other circumstances in the case, we do not think this slight inaccuracy is sufficiently material to justify the grant of a new trial on this ground.

5. The court charged the jury that if the value of the land was diminished by the negligent firing and destruction of the timber thereon, the measure of damages was the diminution in the value of the premises resulting from the injury caused by the fire. He also charged that if there was no diminution in the market value of the land by reason of the burning of the timber, the measure of damages would be the proved value of the timber destroyed by the fire. Plaintiff in error insists that these two principles are contradictory, and tended to confuse the jury as to the rule to govern them on the measure of damages. There was no contradiction in the charges given. Each was applicable to a peculiar phase of the evidence. If the jury should have found, from the testimony submitted, that the burning of the timber on the land diminished the market value of the land, then the measure of damages was the diminution of the value of the land resulting from the injury caused by the fire. *L. & N. R. Co.* v. *Kohlruss,* 124 *Ga.* 250. On the other hand, if the jury should find that the growing timber was destroyed by the fire as a consequence of the negligent tort of defendant, and there was no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages in such a case is the value of the timber destroyed in its then state as attached to the land on which it grew. *Central R. Co.* v. *Murray,* 93 *Ga.* 256. The evidence was conflicting as to the effect of the fire on the market value of the land; and in such a case it is proper for the court to give in charge the measure of damages appropriate to either of these phases of the evidence.

6. Complaint is made that the court failed to charge certain appropriate principles of law. In so far as these were applicable to the case, they were covered by the general charge; and if the plaintiff in error had desired a more specific instruction with respect to the particular matter, a timely written request for such instruction should have been submitted to the judge. The verdict was approved by the trial judge; there is evidence to support it;

and as no error of law is shown to have been committed which requires the grant of a new trial, the judgment is      .      .

*Affirmed. All the Justices concur, except Holden, J., who did not preside.*