### SEABOARD AIR-LINE RAILWAY *v.* GNANN & DELOACH.

ATKINSON, J. 1. In an action on the case, where the date of the injury was alleged and the damages were laid in a specified sum, an amendment enlarging the amount of the damages claimed, so as to include a sum equivalent to interest at seven per cent. per annum, calculated upon the amount first laid, did not allege a claim for interest as such.

2. There was no error in overruling other grounds of special demurrer to the amendment.

3. Concerning one of the allegations of negligence the court, while instructing the jury, inquired of plaintiffs' counsel if he insisted upon that ground; to which counsel replied, "We don't care about that." This was in effect an abandonment of that allegation of negligence, and, under the facts and circumstances of the case, it will not require a new trial that the court refused a written request to charge on that subject.

4. The charge of the court on the subject of the statutory presumption arising from proof of the injury was not erroneous for any of the reasons assigned.

5. This being an action to recover damages for the value of property destroyed by the negligence of the defendant, the jury could, in the legal exercise of their power, add to the value of the property destroyed a sum equal to the interest on such amount as damages. The instruction

complained of on this subject is in substantial accord with the rule announced in *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130).

6. In respect to providing and keeping in repair spark-arresters or other appliances for the prevention of fire, a railroad company is required by law to use ordinary care and diligence to equip its engines with the best appliances in general use, the use of which is consistent with their practical operation, and to use reasonable care and skill in keeping the same in good order. *Southern Railway Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044).

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

> *Judgment affirmed.    All the Justices concur.*
> SEPTEMBER 18, 1914.

Action for damages. Before Judge Sheppard. Effingham superior court. July 29, 1913.

*Anderson, Cann & Cann,* and *Thomas F. Walsh Jr.,* for plaintiff in error. *Hitch & Denmark* and *William M. Farr,* contra.