## 11420. HINES, director-general, v. BELLAH.

STEPHENS, J. 1. In a suit against a railroad company to recover for damage alleged to have been caused by the emission of sparks from a passing engine of the defendant, where the undisputed evidence shows that the defendant's engine was, at the time it is alleged the sparks were emitted, equipped with a proper spark-arrester in good condition, and there is no affirmative evidence, either positive or circumstantial, that any sparks ever escaped from the engine, a verdict for the plaintiff is unauthorized. *Gainesville, Jefferson & Southern R. Co.* v. *Edmondson*, 101 *Ga.* 747.

2. The questions raised on the general demurrer to the petition and in the motion to dismiss the petition are settled by *Hines* v. *Zellner*, 25 *Ga.*

App. 272 (103 S. E. 79), and *Wilson.* v. *Central of Georgia Railway Co.,* 132 *Ga.* 215 (63 S. E. 1121).
*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED MARCH 3, 1921.

Action for damages; from Henry superior court — Judge Searcy. February 14, 1920.

Mrs. Bellah's clothes caught fire and she was burned when attempting to extinguish fire in grass, which she alleged was caused by sparks and cinders thrown out from an engine of the Southern Railway Company, and she sued for damages. The action was originally against the railway company and the Federal director-general operating its railroad on the date of the injury (March 23, 1919), but on demurrer the petition was amended so as to proceed against the director-general alone. In the argument in support of the general demurrer it was contended that it appeared from the petition that the proximate cause of the injury was the plaintiff's voluntary act, and not negligence on the part of the defendant, and that the case of *Wilson* v. *Central of Georgia Railway Co.,* supra, is distinguishable from this case, but that if the decision in that case controls this case, it should be reviewed and overruled; and counsel requested that the Court of Appeals certify the question to the Supreme Court in order that the decision in that case might be reviewed. It was contended also that under the act of Congress of March 21, 1918, section 10, the Federal director-general of railroads is not subject to suit in a case of this kind; that he can be sued only upon the liability of a common carrier.

The petition alleges: that the plaintiff's dwelling house is about 350 yards from the right of way of the railroad, and her land extends to the right of way; that along the side of the right of way her land is woodland, and her woodland extends from the right of way to within 50 yards of her dwelling house; that the ground on her woodland was covered with grass, leaves, and straw; that there was an open field covered partly with cornstalks and dry grass which extended from her woods practically all the way to her dwelling house, and that the railroad right of way along the side of her land was covered with dry grass, leaves, and straw. It is alleged that while a passenger-train operated by the defendant was passing the plaintiff's land, the engineer in charge of the engine caused it to emit and throw out upon the railroad right of way

large sparks of fire and burning cinders which caused the grass, leaves, and straw upon the right of way to catch fire, and the fire spread to the plaintiff's land and burned over her woodland and field to a point within 50 yards of her home; that the wind was blowing towards her house and caused the fire to spread so rapidly as to place her home in imminent danger of being destroyed, and it would have been burned had it not been for the hard work of herself, her son, and a negro man who came to their assistance; that she, "seeing the fire moving so rapidly towards her home and believing that the same would be consumed, and expecting every moment that it would be consumed, undertook to do what she could do to prevent the fire from reaching it, and to this end seized a pine brush and began to thrash the fire with the same in an effort to extinguish the same and to prevent the further spread to her home, and, while making this effort to arrest the progress of said fire, her clothing caught fire and she was badly burned." It is alleged that the defendant was guilty of negligence in failing to clean off from the right of way the grass, leaves, and straw, in failing to have the engine equipped with a proper spark-arrester, in failing to have the spark-arrester in good condition and properly adjusted, and in causing an unnecessary exhaust of the engine while it was passing the plaintiff's land, and that these acts of negligence were the direct and sole cause of the plaintiff's injuries.

The verdict was for the plaintiff, the defendant's motion for a new trial was overruled, and the movant excepted.

*Harris, Harris & Witman,* for plaintiff in error.

*Reagan & Reagan,* contra.