BAUCUM *v.* HARPER.

No. 9133.   JANUARY 14, 1933.   REHEARING DENIED FEBRUARY 23, 1933.

*Claud Christopher* and *Dobbs & Dobbs,* for plaintiffs in error.

*Hall, Grice & Bloch, Maddox & Futral, H. J. Kennedy,* and *W. M. Clark,* contra.

BECK, P. J. (After stating the foregoing facts.)

The rulings stated in the first nine headnotes require no elaboration.

Exception is taken to the following portion of the court's charge to the jury: "In this connection you would consider all the surrounding facts and circumstances; any statements James M. Darden may have made to Sassnett over at Jackson and at the time he put the codicil in his safety-deposit box, as to making some changes in his will; any statements he may have made to Mrs. Harper as to his will and carrying out his will; the reasons, if any are shown by the testimony, which would lead you to believe that he did not revoke his will, but on the contrary believed that his will was still in existence; the fact that he left the codicil, the original of which is before you; and reasons, if the proof shows any, why he did not intend to die without leaving a will; any testimony going to show, if such there be in proof, that he wished a part of his property to descend to those who would not after his death get any of

it unless he did provide for them by will; and any and all other testimony and legitimate inferences that may be drawn therefrom which would throw light on this subject." Movant insists, in his exception to this portion of the court's charge, that it is argumentative in character; and we are of the opinion that this exception is well taken. The order in which the facts recited by the court is placed before the jury, the lengthy detail of facts which would be peculiarly favorable to the propounder, and other features in this charge render it, it seems to us, argumentative, although the court stated the facts hypothetically. But the concentration of the attention of the jury to this summary of facts, which must have resulted from the assemblage of these facts, and the placing of them in juxtaposition one to another, made the charge more favorable to the propounder than it should have been.

The court charged the jury in part as follows: "It takes both act and intent to destroy a will; and under this principle I charge you that if James M. Darden made away with his will under the belief that, having made a codicil, the will could be physically destroyed and yet the codicil which he preserved would operate as the will, plus any changes made by the codicil, then it would be your duty to set up the lost will and allow it to probate as well as the codicil." We are of the opinion that this charge is erroneous. It is true that it takes both act and intent to destroy a will. If the testator destroyed the will, if he tore it up, or burnt or mutilated it, without the intention of doing so,—as for instance, while under the impression that it was a different paper or instrument, and not his will, that might not necessarily revoke the will. But in this case the court should not have instructed the jury that "if James M. Darden made away with his will under the belief that, having made a codicil, the will could be physically destroyed and yet the codicil which he preserved would operate as the will, plus any changes made in the codicil, then it would be your duty to set up the last will and allow it as well as the codicil to be probated." Whether such a mistake of law, if such a mistake there was in the mind of the alleged testator, would allow a paper which had been knowingly mutilated or destroyed to be probated as a will is very doubtful. A mistake of law does under some circumstances allow or require reformation of a contract; but it is very doubtful whether a mistake of law as to a provision in a will would authorize a change as to any

of the provisions of the will. In the present case, however, it is unnecessary to decide the question here suggested, because it was error to give this charge, for the reason that there was no evidence that would authorize the jury to find that the testator destroyed this will believing that some other paper contained all the necessary provisions to carry out his intentions as to his property. The instructions as given allowed fanciful speculations on the part of the jury as to what the intentions of the testator were at the time he destroyed the will.

Except as ruled above, no errors are shown to have been committed by the court below upon the trial of the case. And inasmuch as the case it remanded for another trial, no opinion is expressed as to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*