20744.  SOUTHERN RAILWAY COMPANY *v.* SCOTT.

ARGUED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960—
REHEARING DENIED MARCH 14, 1960.

R. *Carter Pittman, Beverly Langford,* for plaintiff in error.

R. F. *Chance,* contra.

HEAD, Presiding Justice.  ■  There are many decisions by this court and the Court of Appeals in cases wherein a recovery was sought for damages resulting from a fire alleged to have been caused by a spark from the engine of a train.  Counsel have not cited any case where the damages claimed were alleged to have resulted from a fire originating in a hotbox on a train, and our search has not revealed such a case.  The measure of diligence required of a railroad company for the prevention of fire by its locomotives is ordinary care and diligence to equip its engines with the best appliances in general use.  *Western & Atlantic R. Co.* v. *Maynard,* 139 *Ga.* 407 (77 S. E. 399); *Seaboard Air-Line Ry.* v. *Gnann & DeLoach,* 142 *Ga.* 381 (82 S. E. 1066).  In order to authorize a recovery of damages for the destruction of property by fire caused by the running of a train, it must appear that the damages were occasioned by the fault or negligence of the company or its agents.  *Gainesville, Jefferson &c. R. Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213); *Southern Ry. Co.* v. *Pace,* 114 *Ga.* 712 (40 S. E. 723).

The burden in the present case was on the plaintiff to establish by a preponderance of the evidence that the fire which destroyed his property resulted from the operation of the defendant's train.  *Inman & Co.* v. *Elberton Air-Line R. Co.,* 90 *Ga.* 663

(16 S. E. 958, 35 Am. St. Rep. 232) ; *Atlantic Coast Line R. Co.* v. *Thomas*, 83 *Ga. App.* 477 (64 S. E. 2d 301).

The plaintiff's evidence not only fails to establish that one of the box cars of the defendant's train had a hotbox at Plainville, but on the contrary, his evidence tends to negative his allegations. The plaintiff's witnesses, Faye Autry and Ferdinand Floyd, testified to the effect that they were in a truck at a crossing while part of the train passed, and they neither saw nor smelled a hotbox on the train. The plaintiff's witness G. E. Watson (brakeman on the defendant's train) testified to the effect that he was on the lookout for a hotbox; that they could be observed when the train went around a curve; that he did not see a hotbox before the train reached Dalton; and that a train could not run the distance of 25 miles between Plainville and Dalton with a hotbox. Testimony which raises only a suspicion that a fire was caused by the defendant is insufficient. *Gainesville, Jefferson &c. R. Co.* v. *Edmondson*, 101 *Ga.* 747, supra.

The testimony of the plaintiff's witnesses as to three fires on or near the right-of-way of the defendant's railroad, when viewed in its entirety, is insufficient to raise an inference that such fires were caused by the operation of the defendant's train. The plaintiff's witness Weldon Childers testified, with reference to the fire near Reeves Station (the only fire he saw on the date the plaintiff's property was destroyed), that it caught some distance from the right-of-way of the defendant; and on cross-examination he stated: "As to whether or not I also said on the former trial the fire I saw was an acre or two away from the railroad track; well, I imagine it would have been something like that, it was a pretty good streak." The plaintiff's witness Watson testified that, when the train passed, the fire near Reeves Station was burning some 20 or 25 feet away from the railroad, and there was no fire near the plaintiff's property.

The testimony of the plaintiff's witness J. C. McDaris, an employee of the Georgia Forestry Commission, to the effect that in his opinion the fire which destroyed the plaintiff's property started near the railroad track, was insufficient to authorize a finding by the jury that the fire which destroyed the plaintiff's property was caused by the operation of the train of the defend-

ant, and especially is this true when considered in connection with all of the testimony in the case, including that as to other fires in the vicinity which were not shown to have originated on the right-of-way of the defendant. The testimony of the witness McDaris is in conflict with that of Pat Baker, former employee of the Georgia Forestry Commission, who testified on cross-examination: "As to approximately where it [the fire on the plaintiff's property] started, well, I would say within seventy-five feet of the railroad track, it might have been closer, but no farther."

The plaintiff's evidence to the effect that there were particles of combustible matter on the right-of-way of the defendant is insufficient to show negligence. There is no duty on the part of the defendant to keep its right-of-way absolutely clean. *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266).

The evidence was insufficient to show that the fire which destroyed the plaintiff's property was set by a hotbox on the defendant's train, or that the defendant was negligent as alleged, and it was error to deny the defendant's motion for new trial.

■ "A defendant does not have the right to ask the court to direct a verdict in his favor on the conclusion of the plaintiff's evidence, because if the plaintiff has not made a case against him, he may move for a nonsuit, or go to the jury with the evidence before them and claim that he is entitled to a verdict on the ground that no case is made out against him, but the court will not on motion order a verdict for the defendant." *Smith* v. *Robinson,* 212 *Ga.* 761, 763 (95 S. E. 2d 798), and cases cited; *Seymour* v. *Seymour,* 210 *Ga.* 49, 50 (77 S. E. 2d 433).

The trial court did not err in denying the defendant's motion for a judgment notwithstanding the verdict, since its motion for a directed verdict was properly denied. Ga. L. 1957, pp. 224, 236 (Code, Ann., § 110-113); *Shockey* v. *Baker,* 212 *Ga.* 106, 108 (90 S. E. 2d 654); *Durden* v. *Henderson,* 212 *Ga.* 807, 808 (96 S. E. 2d 362).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Quillian, J., who is disqualified.*