43246. GEORGIA, ASHBURN, SYLVESTER & CAMILLA RAILWAY COMPANY v. COLLINS, by Next Friend, et al.

JORDAN, Presiding Judge. The plaintiffs are seeking to recover for damages to timber lands by a fire allegedly caused by the negligence of the defendant railroad company. It is alleged that the railroad company was negligent in permitting grass, weeds, and other flammable material to accumulate on its right of way, in permitting carbon to accumulate in an engine, in failing to equip the engine with a screen to prevent the emission of hot and burning carbon onto the right of way and lands of the petitioners, in permitting such an emission, and in failing to put out and prevent the spreading of the fire. At the close of the evidence the defendant moved for a directed verdict on the basis that the evidence does not authorize a determination that the railroad company caused the fire, and also that it conclusively shows an assignment of any right of action to an insurer. The trial court overruled the motion, the jury returned a verdict for the plaintiffs, and judgment was entered accordingly. The defendant then moved for a judgment n.o.v., which he amended to

include the identical grounds of its motion for directed verdict, and the trial judge overruled this motion. The defendant appeals from the judgment for the plaintiffs, asserting that the evidence demands a verdict in its favor, and that the trial judge erred in overruling its motion for judgment n.o.v. *Held:*

1. "It is always incumbent on the plaintiff to make proof that the fire was communicated by the locomotive of the defendant. But few cases will occur, however, where the fact that the fire was communicated is susceptible of direct proof. Consequently such proof must be more or less circumstantial. The evidence, however, must be sufficient to establish a reasonable inference that the fire originated from sparks or fire emitted or thrown out by the locomotive of the company. If it raises only a mere conjecture as to whether the fire was or was not so occasioned, no recovery can be had." *Gainesville, J. & S. R. Co. v. Edmondson,* 101 Ga. 747, 751 (29 SE 213). Also, see *Southern R. Co. v. Scott,* 215 Ga. 739, 742 (113 SE2d 459).

2. "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions. . . [I]t is required that the circumstances relied upon be not only consistent with the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis. In civil cases this consistency with the one and inconsistency with the other is required to be established only by a mere preponderance. . ." *Ga. R. & Elec. Co. v. Harris,* 1 Ga. App. 714, 717 (57 SE 1076).

3. There is no duty on the part of a railroad company to equip its locomotives with spark arresters which will absolutely prevent the emission of sparks, or to keep its right of way absolutely free of combustible matter. *Gainesville, J. & S. R. Co. v. Edmondson,* 101 Ga. 747, supra, p. 750; *Western & A. R. Co. v. Tate,* 129 Ga. 526, 529 (59 SE 266); *Southern R. Co. v. Scott,* 215 Ga. 739, supra, p. 743.

4. Where the evidence shows there was an accumulation of grass

and other combustible matter on the right of way, that the wind was blowing from the right of way toward the plaintiff's property, and that a fire became apparent within an hour after the passage of a train, but that this engine and another one passing on the day of the fire were properly equipped with spark arresters, and there is no evidence of any emission of sparks in the area of the fire, the evidence does not authorize a verdict for the plaintiff, and on a new trial, in the absence of additional evidence, "the court will have no alternative but to direct a verdict." *Seaboard A. L. R. v. Jarrell*, 145 Ga. 688 (89 SE 718). This court subsequently affirmed a directed verdict in the case. *Jarrell v. Seaboard A. L. R.*, 23 Ga. App. 717 (99 SE 386). Also, see *Hines v. Bellah*, 26 Ga. App. 361 (1) (106 SE 559). In other cases, however, where a fire has appeared in grass and combustible matter on the right of way within a few minutes (i.e., almost immediately) after an engine has passed, and there is no other source from which the fire likely originated, the courts have held that this evidence will authorize a finding that the fire started from a spark or sparks emitted by the engine. See *Louisville & N. R. Co. v. Studdard*, 34 Ga. App. 570 (2) (130 SE 532), and cases cited therein. The fine line of distinction between the cases, as to whether there is circumstantial evidence to authorize jury determination, depends on the particular circumstances shown in each case, particularly that which logically and reasonably tends to connect the fire, in terms of time and place, with the operation of the locomotive, to the reasonable exclusion of other causes.

5. In the light most favorable to the plaintiffs the evidence in the present case as to the cause of the fire shows nothing more than that "between 2 and 3 o'clock, somewhere in the early afternoon" and "like about 30 minutes" after the passage of a train powered by a diesel electric locomotive equipped with a spark arrester, a witness for the plaintiffs observed a fire in the vicinity of the right of way on which there was an accumulation of grass and combustible matter. A member of the train crew established the time that the train passed as about 1:30 p.m. Because of the direction of the wind this fire spread onto the plaintiffs' lands. Although the railroad's master mechanic conceded the possibility that sparks could escape from the arrester, he considered it unlikely, and there is a total absence of any evidence that any sparks whatsoever were

actually emitted from the engine, or even to show that the engine was being operated in such a manner as to cause an accumulation of carbon which might be emitted and start a fire. Idling and slow speed may cause an accumulation of carbon. The sole witness who observed and reported the fire did not see the train, and was "somewhere in the neighborhood of a quarter of a mile" away from the fire when he saw it, and never came nearer than "five or six hundred yards from the railroad." An investigator who walked over the area after the fire was unable to determine the origin of the fire. We think that under the circumstances here shown the cause of the fire is a matter of mere suspicion or conjecture, and will not support a verdict and judgment for the plaintiffs.

6. As the foregoing view of the evidence is controlling in disposing of the case it is unnecessary to determine the issue of whether the evidence conclusively shows an assignment of the right of action to an insurer.

*Judgment reversed. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 5, 1968—DECIDED JANUARY 19, 1968—

*Perry, Walters, Langstaff & Lippitt, Jesse W. Walters,* for appellant.

*Frank C. Vann, Benjamin L. Bateman,* for appellees.

ON MOTION FOR REHEARING.

Appellee contends that the court was in error in stating that the evidence showed that the diesel locomotive was equipped with a spark arrester. There is *positive* testimony in the record that the engine was so equipped. Appellee relies upon the testimony of an investigator to the effect that he "vaguely" remembers going to the engine and talking with someone—"I cannot be positive"—and from such conversation he "understood" they did not have anything of that type, "the best I can remember," and that his report "might" show whether there was an arrester or not, but his report was not produced because he "couldn't locate it."

Such vague, completely inconclusive testimony originating solely from hearsay has absolutely no probative value and is

therefore insufficient to raise a jury question in view of the positive testimony that the engine was so equipped.

After further consideration of the entire case,

*Judgment adhered to.*