46165. KILGORE et al. v. NASWORTHY et al.

EVANS, Judge. 1. The evidence does not demand a judgment as to liability against the defendants, even though the defendants failed to provide protection such as fire extinguishers, asbestos cloth and a stand-by watch or other measures as would insure a fire-free job in the performance of their subcontract on the building which was destroyed by fire. The evidence is insufficient to show that defendants alone caused the loss although it may have authorized such a finding.

2. The language "burning or welding adjacent to, near or over combustible materials" is not clear in its meaning as to whether it would apply to a plumber sweating or soldering copper pipes through wooden studs on a construction job site. The language "stand-by watch or other measures as will insure a fire-free job" are likewise ambiguous as to what is intended by this language. See *Code Ann.* § 20-704 (2, 3); *Branch, Sons & Co. v. Palmer,* 65 Ga. 210, 214; *Williamson, Inman & Co. v. Thompson,* 53 Ga. App. 821 (187 SE 194). The lower court did not err in allowing testimony by members of the building trades as to the meaning of certain phrases in the contract. Whenever there is any matter of fact involved as to the meaning of an obscure word, the jury should make a finding of fact thereon.

3. A letter report was made by an expert witness to defendants' counsel with reference to interrogatories and answers of certain other experts in regard to the meaning of "burning or welding." Same does not show any contradictory statements of the expert witness' testimony, so as to authorize the letter to be admitted in evidence, to impeach him (*Code* § 38-1803; *Johnson v. Roberson,* 88 Ga. App. 548 (7) (77 SE2d 232); *California Ins. Co. v. Blumberg,* 101 Ga. App. 587 (1) (115 SE2d 266); *Henry Grady Hotel Corp. v. Watts,* 119 Ga. App. 251 (5) (167 SE2d 205)); nor

does it show his feelings toward the parties' or his relationship or bias, so as to authorize it to be admitted in evidence in rebuttal.

4. A memorandum from the Cobb County Fire Marshal to all builders and construction companies, which is dated and issued after the fire loss occurred, is totally irrelevant, and the court did not err in excluding it.

5. The charge as a whole with reference to proximate cause was sufficient, and the court did not err in refusing to charge a request that the defendants were guilty of negligence in that they contributed to the fire.

6. There was no direct proof here that defendants caused the fire loss, the proof offered being circumstantial in nature. Therefore the court did not err in charging that the evidence must be sufficient to establish a reasonable inference that the fire originated as claimed by the plaintiffs, and that if it raises only a mere conjecture as to whether the fire was or was not so occasioned, no recovery could be had. The charge was not subject to the complaint that it was argumentative. *Gainesville, J. & S. R. Co. v. Edmondson*, 101 Ga. 747 (29 SE 213); *Southern R. Co. v. Scott*, 215 Ga. 739, 742 (113 SE2d 459); *Georgia A., S. & C. R. Co. v. Collins*, 117 Ga. App. 254 (1) (160 SE2d 441). We do not find the charge peculiarly favorable to one side over the other as was the case in *Baucom v. Harper*, 176 Ga. 296, 303 (168 SE 27). This specification of error is not meritorious.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MAY 5, 1971—DECIDED JUNE 21, 1971—

REHEARING DENIED JULY 15, 1971—

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, William M. Rich, James A. Eichelberger*, for appellants.

*Custer, Brennan & Smith, Lawrence B. Custer, Swift, Currie, McGhee & Hiers, W. Wray Eckl*, for appellees.

264

On Motion for Rehearing

Plaintiffs' motion for rehearing recites: "This court overlooked the fact that the plaintiffs moved for a directed verdict as to *breach of damages* only thereby leaving to the jury the question .of *causation in damages.*" (Emphasis supplied).

This misrepresents the record, which at p. 529 shows as follows: "Mr. DeRieux: Your Honor, we wish to move for a directed verdict on Count 2 of plaintiffs' petition as to *liability* with the question of damage left to the jury to be assigned." (Emphasis supplied).

*Motion for rehearing denied.*