WALTER KOZLOWSKI, Appellant, *v.* MARY K. GOMOLSKI, Respondent.

**Costs — libel — where nonsuit is granted as to one of two defendants costs are in the discretion of court.**

Costs in an action for libel are regulated solely by chapter 21 of the Code of Civil Procedure. A nonsuit, therefore, as to one of two defendants in such an action does not entitle the successful defendant to costs of course against the plaintiff. Whether or not she is to have an award of costs rests in the discretion of the court (Code Civ. Pro. § 3229), and where application for the exercise of such discretion is not made to the trial justice, an order vacating a judgment entered in her favor is properly granted.

*Kozlowski* v. *Gomolski,* 181 App. Div. 234, reversed.

(Submitted November 12, 1918; decided November 26, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 5, 1917, which reversed an order of Special Term vacating and annulling a judgment entered in favor of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William S. Mackie* for appellant. Where a complaint is dismissed as to a defendant who answered separately, such defendant is not entitled to costs against the plaintiff without the permission of the court, provided the plaintiff is entitled to costs against one or more of the defendants. (*Ljungquist* v. *Hartmetz,* 54 Misc. Rep. 87; *Linn* v. *Nassau Electric R. Co.,* 142 N. Y. Supp. 553; *Churchill* v. *Wagner,* 23 Misc. Rep. 595; *Sinskie* v. *Brust,* 66 App. Div. 36; *Reade* v. *Halpin,* 180 App. Div. 161; *Union Bank* v. *Case,* 84 N. Y. Supp. 551.)

*Timothy Curtin* for respondent. Upon a dismissal of the complaint against the defendant Mary K. Gomolski and judgment of nonsuit there was a final determination in her favor, the causes of action were severed and she was entitled to costs of course. (Code Civ. Pro. §§ 1204, 1205; *Stedeker* v. *Bernard,* 102 N. Y. 327; *Draper* v. *Interborough R. T. Co.,* 124 App. Div. 359; *Tanzer* v. *Breen,* 131 App. Div. 655; *Ingeman* v. *Snare & Trieste Co.,* 158 App. Div. 915; *Schuyler* v. *Robinson,* 139 App. Div. 98; *United Press Co.* v. *N. Y. Press Co.,* 164 N. Y. 414.)

HOGAN, J. Plaintiff brought this action against John Gomolski and his wife, Mary K. Gomolski, to recover damages for an alleged libel. The defendants in the action answered separately by the same attorney. Upon the trial at the close of the evidence on motion of counsel for the defendant Mary K. Gomolski a nonsuit was granted in her favor. The case was thereupon submitted to the jury as to the liability of John Gomolski and resulted in a verdict in plaintiff's favor for damages in the amount of $250.

Judgment dismissing the complaint and for costs in favor of Mary K. Gomolski against appellant was entered, and a separate judgment for damages upon a verdict

of the jury and for costs in favor of the plaintiff against John Gomolski.

Plaintiff, appellant, thereupon upon due notice obtained an order from the trial justice annulling and vacating the judgment for costs entered against him and in favor of Mary K. Gomolski. Upon appeal therefrom the order was reversed by the Appellate Division and the motion to vacate and annul the judgment denied. Permission to appeal to this court was granted by the Appellate Division and the following question certified:

" Was the defendant Mary K. Gomolski entitled to costs as a matter of r'ght? "

The Appellate Division held in substance that the nonsuit granted in favor of the defendant Mary K. Gomolski established that she was not a tort feasor but a stranger to the transaction for which her husband was sued and that the action should be regarded as having been severed under sections 1204, 1205 of the Code of Civil Procedure though no formal order to that effect was made. My conclusion is that the Appellate Division was in error. The subject of recovery of costs in this action was regulated solely by chapter 21 of the Code of Civil Procedure. By section 3228 of this Code the plaintiff was entitled to costs of course upon the final judgment rendered in his favor against the defendant John Gomolski, the action being one specified in subdivision 3 of that section and the recovery being in excess of the sum of fifty dollars. The action, however, was commenced against two defendants, one of whom, the respondent here, was relieved of liability therein by reason of the ruling of the trial justice in granting her application for a nonsuit; but such determination did not entitle her to costs of course against the plaintiff. Whether or not she was to have an award of costs rested in the discretion of the court. (Code Civ. Pro. § 3229.) Application for the exercise of such discretion was not made to the

trial justice and the order vacating the judgment entered in her favor was properly granted.

The order of the Appellate Division should be reversed and the question certified answered in the negative, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, McLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.