LOLA MICHAUD, Plaintiff, *v.* BANCO NACIONAL DE MEXICO, Defendant, and GUSTAVE HARTMANN and Others, as Executors, etc., of EMIL KISS, and CHARLES SOMLO, Impleaded Defendants.

Supreme Court, Trial Term, New York County, May 3, 1938.

*Laurence H. Axman* [*H. I. Fishback* of counsel], for the plaintiff.

*Hardin, Hess & Eder* [*Harold B. Elgar* and *Frank Rashop* of counsel], for the defendant Banco Nacional de Mexico.

*Willgus, Blum & Gamso* [*Ralph D. Willgus* of counsel], for the defendants Gustave Hartmann and others, as executors, etc., of Emil Kiss.

*Myers, Goldsmith & Behr* [*Jacob Greenberg* of counsel], for the defendant Charles Somlo.

McNAMEE, J. This action was brought by the plaintiff for services rendered to the defendant Banco Nacional de Mexico under an unwritten contract. The defendant bank impleaded the executors of the estate of Emil Kiss, alleging that the executors, under a written contract between the bank and the impleaded parties, were liable over to the bank in case the bank were held liable to the plaintiff. The executors of the estate of Emil Kiss then impleaded the defendant Somlo, alleging under another separate contract, liability over against Somlo in case the executors were found liable to the bank.

The three causes of action alleged in the complaint and the answers were claimed to have some connection with a sale of the majority stock of the Harbor State Bank (not a party here) to the bank Banco Nacional de Mexico. But the three causes of action were based on separate contracts; and liability on any one could not be predicated upon liability under any other. To support each cause of action different agreements and sets of facts were alleged and were to be proved. Thus the defendant bank in effect became a plaintiff as against the executors on a new cause of action, and the executors similarly became plaintiffs as against the defendant Somlo; and the rights of the defendants among themselves to costs, respectively, were separate and apart from any cause of action alleged by the plaintiff.

The issues arising on the pleadings were submitted to a jury, and verdicts were rendered in favor of the plaintiff against Banco

Nacional de Mexico and in favor of the executors against the defendant bank on the cause of action alleged in the latter's answer, and in favor of the defendant Somlo against the executors on the cause of action alleged in the executors' answer. Motions to set aside those verdicts have been denied.

Motions are now made by the defendant Somlo for costs against the executors, and by the executors for costs against the defendant bank. Plaintiff's costs are not in dispute.

The plaintiff is entitled to costs, as a matter of right, against the defendant bank under subdivision 11 of section 1470 of the Civil Practice Act. The plaintiff did not sue the executors nor the defendant Somlo, and is not entitled to costs as against either of them.

The defendant Somlo is clearly entitled to his costs against the executors, as a matter of right, in view of the fact that the plaintiff is not entitled to costs against the executors. (Civ. Prac. Act, § 1470, subd. 11; § 1475.) And were this not so, the defendant Somlo would be entitled to a bill of costs under sections 1476 and 1477, as a matter of discretion, and I so hold.

While the plaintiff is entitled to costs against the defendant bank, the executors are also entitled to costs against the bank under section 1470; and I am holding that section 1475 does not apply to prevent this right to costs, because the cause of action alleged by the defendant bank against the executors was based upon a written contract wholly unrelated to the cause of action upon which the plaintiff recovered. And again the executors should recover their costs, in the discretion of the court, under sections 1476 and 1477, and I so hold.

Accordingly an order may be entered awarding costs to the defendant Somlo against the defendants Hartmann, Blau and Munk, as executors of the estate of Emil Kiss; and an order may be entered by the executors awarding costs to them against the defendant Banco Nacional de Mexico.