JOHN J. O'CONNOR, Plaintiff, *v.* BYRNDUN CORPORATION, Defendant, and JULIUS EPSTEIN, Impleaded Defendant.

Supreme Court, Special Term, Kings County, February 15, 1944.

*Clark & Baldwin* for impleaded defendant.

*Duncan & Duncan* for plaintiff.

*Mudge, Stern, Williams & Tucker* for defendant.

FROESSEL, J. Julius Epstein, the impleaded defendant herein, moves for an order " amending the judgment entered herein by reinserting therein the provision stricken therefrom by the Clerk of the court providing for the award of costs to said defendant-impleaded as against " the Byrndun Corporation, the impleading defendant, " and directing the Clerk to tax costs as against said defendant and in favor of said defendant-impleaded, Julius Epstein."

Plaintiff originally sued Byrndun. Thereupon the latter, pursuant to an order granted under subdivision 2 of section 193 of the Civil Practice Act, impleaded Julius Epstein, setting up against him a claim for indemnification. Epstein answered and asserted a counterclaim against Byrndun. On the trial of the action, plaintiff prevailed against Byrndun. Byrndun was denied recovery against Epstein and Epstein was denied recovery on his counterclaim against Byrndun. The question pre-

sented is whether Epstein is entitled to costs against Byrndun.

It is well settled that at common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always been regulated by statute. (*E. L. A. Society* v. *Hughes et al.*, 125 N. Y. 106, 108; 11 Carmody on New York Pleading and Practice, p. 23 *et seq.*) Costs in this court are regulated by article 85 of the Civil Practice Act. Section 1475 of said article provides, so far as pertinent here, as follows: " The defendant is entitled to costs, of course, * * * unless the plaintiff is entitled to costs * * *." It is the only applicable section granting costs to a defendant as a matter of right. Discretionary costs are provided for in sections 1476 and 1477 of the Civil Practice Act.

However logical may be the contention that a defendant who brings a codefendant into the action is as to him in the nature of a plaintiff, he is not " The party prosecuting a civil action "; he is an " adverse party " (Civ. Prac. Act, § 191). When subdivision 2 of section 193 of the Civil Practice Act was enacted, section 1475 was not amended, and until the Legislature provides otherwise, the provisions of that statute must be observed. As a matter of fact it would appear that the Legislature intended to allow costs to a defendant as a matter of right only as expressly provided in section 1475; in all other cases the Legislature seems to have left to the court the discretion as to whether or not a defendant should have costs and this can be readily understood because of the numerous different situations that might be presented.

In the light of these views, the conclusion must follow that the defendant Epstein is not entitled to costs as against the defendant Byrndun as a matter of right. I am not unmindful of the cases indicating a contrary view. An examination of them reveals, however, that they either relate to costs in the Municipal Court, which are regulated by a different statute (see N. Y. City Mun. Ct. Code, § 164; L. 1915, ch. 279, as amd., where costs are " allowed to the prevailing party ") or, as in *Strudler* v. *Library Realty Corporation* (166 Misc. 617) and *Michaud* v. *Banco Nacional de Mexico* (167 Misc. 441), where they actually award costs to the impleaded defendant as a matter of discretion.

The Appellate Division of this department, in *Flynn* v. *Patent Scaffolding Co., Inc.* (265 App. Div. 956), denied a successful defendant costs as a matter of right under section 1475 of the Civil Practice Act, against a codefendant who had cross-claimed against him, but it is to be observed that there the successful

defendant had originally been brought into the action by the plaintiff. In my opinion the same result must follow here, notwithstanding the fact that Epstein was brought into the action by the defendant Byrndun.

The question remains whether Special Term now has the power to grant Epstein discretionary costs against Byrndun Our Appellate Division, in *Canavan* v. *Emze Cosmetic Shop, Inc.* (256 App. Div. 1093) ▌, and the Court of Appeals, in *Kozlowski* v. *Gomolski* (224 N. Y. 510), have stated that it may not do so.

Accordingly, the motion is denied in all respects.