CHARLES RUDDI, Plaintiff, v. CONCRETE STEEL COMPANY, Defendant, and ANTHONY J. McNULTY, Doing Business as A. J. McNULTY & Co., Impleaded Defendant.

City Court of City of New York, Kings County, December 28, 1944.

*W. P. Rafferty* for impleaded defendant.

*Michael Petti* for plaintiff.

*Joseph P. Carey* and *Clarence B. Tippett* for defendant.

LIVINGSTON, J. The impleaded defendant moves for an order severing the action and directing the entry of a judgment for costs in his favor against defendant Concrete Steel Company.

Originally the action was to recover for personal injuries sustained by plaintiff, Charles Ruddi, allegedly as a result of the negligence of the defendant Concrete Steel Company (here-

inafter called " Concrete "). On its application, defendant Concrete obtained an order impleading Anthony J. McNulty (hereinafter called " McNulty ") as a party defendant, and thereafter served upon the impleaded defendant a supplemental summons and cross complaint. The action came on for trial before the court and jury. At the close of defendant Concrete's case a motion to dismiss the cross complaint was granted. The issues between plaintiff and defendant Concrete were submitted to the jury and resulted in a disagreement.

Since costs may be awarded only pursuant to some statutory provisions (*Osborn* v. *Cardeza*, 208 N. Y. 131) recourse must be had to article 85 of the Civil Practice Act which regulates the award of costs in this court. Section 1475 thereof, so far as pertinent, reads as follows: " The defendant is entitled to costs, of course, * * * unless the plaintiff is entitled to costs ". There is no express provision for costs in favor of a successful impleaded defendant who is not in controversy with the plaintiff. The question is whether an impleaded defendant in such a situation is to be deemed a defendant in relation to his cross complainant so as to be entitled to costs as of right. Plaintiff sued Concrete alone and the controversy between them was complete. Concrete, proceeding under subdivision 2 of section 193 of the Civil Practice Act, effected the joinder of McNulty as an adversary. As to this completely separate controversy which neither concerned nor affected the plaintiff, Concrete must be deemed the plaintiff and McNulty the defendant. (*Tobiassen* v. *Bishop, McCormick & Bishop*, 15 N. Y. S. 2d 427; *Strudler* v. *Libray Realty Corporation*, 166 Misc. 617.) This conclusion is in accord with the statutory definition of " plaintiff " and " defendant ". Concrete, in the assertion of its cross complaint, was prosecuting a civil action, and in its relation to the impleaded defendant assumed the role of a plaintiff.

The action might have been prosecuted independently. The election of Concrete to have its controversy with McNulty litigated in the pending action could not serve to deprive McNulty of a right to costs which would unquestionably have been his had he prevailed in an independent action brought against him by Concrete.

The conclusion that a successful impleaded defendant not in controversy with the plaintiff is entitled to costs as of right is not at variance with *Flynn* v. *Patent Scaffolding Co., Inc.* (265 App. Div. 956) in which a successful defendant was denied costs as a matter of right against a codefendant who had cross-complained against him. In that case the successful defendant

had been brought into the action, not by his codefendant, but by the plaintiff.

In *O'Connor* v. *Byrndun Corp.* (182 Misc. 952) it was held that a successful impleaded defendant was not entitled to costs as of right even though he had not been brought into the action by the plaintiff. This is contrary to the rule enunciated by the Appellate Term in *Tobiassen* v. *Bishop, McCormick & Bishop* (*supra*) which I am obliged to follow, and which in my opinion states the better rule.

Even if the impleaded defendant were not entitled to costs as of right, and I believe that he is and so hold, he plainly is entitled to costs as a matter of discretion. (Civ. Prac. Act, § 1476; *Michaud* v. *Banco Nacional de Mexico*, 167 Misc. 441.) The impleaded defendant was brought into the action through no fault of his own. He had no quarrel with any of the parties to the then pending litigation. He was required to defend against the claim asserted in the cross complaint at a cost of time and money. In the circumstances he is entitled to indemnification at least to the extent of the taxable costs.

It is contended that this court is powerless to award even discretionary costs since the application was not addressed to the trial court as required. (*Kozlowski* v. *Zomolski*, 224 N. Y. 510; *Canavan* v. *Emze Cosmetic Shop, Inc.*, 256 App. Div. 1093.) While the motion was made at Special Term it was returnable before the judge who conducted the trial, and it is the trial court that is directing the award of costs.

Since there can be but one final judgment in the action (*German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416; *Kriser* v. *Rodgers*, 195 App. Div. 394) there will be a severance of the action to enable the impleaded defendant to enter judgment before final disposition of the controversy between plaintiff and defendant Concrete.

The motion is accordingly granted in its entirety.