HYMAN PEARLSTEIN, Plaintiff, *v.* JAMES J. McCREERY & Co., et al., Defendants.

JAMES McCREERY & COMPANY, Sued Herein as JAMES McCREERY & Co., Third Party Plaintiff, *v.* DANIEL FRAAD, JR., et al., Doing Business as ALLIED MAINTENANCE COMPANY, Third Party Defendants.

Supreme Court, Special Term, New York County, February 8, 1949.

*John P. Smith* and *Joseph A. Minch* for third party plaintiff.

*Bernard Katzen* and *Harry Schechter* for third party defendant.

PECORA, J. This motion presents the question of whether a third party defendant who has been made a party to an action by the service of a summons and third party complaint by a defendant may recover costs as a matter of right against the third party plaintiff upon dismissal of the third party complaint. Plaintiff had brought an action for damages for personal injuries sustained by him alleging that the injuries resulted from the negligence of the defendant. Thereafter, the defendant, pursuant to section 193-a of the Civil Practice Act as a third party plaintiff served a summons and third party complaint on the third party defendants alleging a cause of action for indemnity and demanded judgment over against the third party defendants, in the event plaintiff recovered a judgment against the defendant. Issue on the third party complaint was thereafter duly joined. Upon the trial of the action, after all of the parties had rested, the third party defendants moved to dismiss the

third party complaint and the presiding justice granted the motion. Thereafter the cause was submitted to the jury as to the liability between plaintiff and defendant and a verdict was rendered in favor of defendant.

The successful third party defendant thereupon attempted to tax costs against the third party plaintiff, and this motion was made to direct the Clerk of the County of New York to tax such costs and to enter the amount of such costs, as taxed, on the judgment roll.

Before the enactment of section 193-a of the Civil Practice Act (L. 1946, ch. 971) third party practice was governed by subdivision 2 of section 193, and it was held that where a defendant had impleaded another as a defendant under that section, the impleaded defendant was not entitled to costs as a matter of right when the defendant on trial was denied recovery on his claim against the impleaded defendant. (*O'Connor* v. *Byrndun Corp.*, 182 Misc. 952.) So, too, where one defendant cross-claimed against another, costs as a matter of right were denied to the successful defendant on the cross claim. (*Flynn* v. *Patent Scaffolding Co.*, 265 App. Div. 956.)

No problem of discretionary costs arises here under section 1476 of the Civil Practice Act since an application for discretionary costs must be made to the trial justice and cannot be made at Special Term. (*Canavan* v. *Emze Cosmetic Shop, Inc.*, 256 App. Div. 1093.)

Costs can be allowed here as of course only if section 1474 of the Civil Practice Act permits it. Under that section the defendant is entitled to costs, of course, upon the rendering of a judgment unless the plaintiff is entitled to costs.

When the purpose and language of section 193-a of the Civil Practice Act is considered it seems that a third party plaintiff who serves a third party complaint should be considered in the same category as any other plaintiff, when the matter of costs is presented. The primary objective of third party practice is to eliminate multiplicity of actions and to provide a method for the disposition of all controversies among several parties in one action. Under the practice as it prevailed before section 193-a was enacted, in order to bring in another party, who it was claimed was liable over to the defendant, an application had to be made to the court for such purpose. Under section 193-a no such application need be made and a defendant may, after answering the complaint, serve a summons and complaint against a third party without court permission. When this is done,

there is no reason for not considering the third party plaintiff as a " plaintiff " within the meaning of section 1474 of the Civil Practice Act so as to permit a successful third party defendant to recover costs as a matter of right against the third party plaintiff.

Research by the court has disclosed only one case which dealt with the problem on hand. In *Butler* v. *Gimbel Bros. Inc.* (N. Y. L. J. Aug. 1, 1947, p. 189, col. 5) it was held that a third party defendant would be entitled to costs as a matter of right under circumstances similar to the instant case.

For the reasons hereinabove given, I am in agreement with that conclusion. The motion is, therefore, granted. Settle order.