J. Irwin Shapiro, J.
The plaintiff sued the City of New York, Bonded Wrecking & Lumber Corporation and H. B. H. Construction Corporation to recover damages for personal injuries. The city then impleaded the New York City Housing Authority as a third-party defendant and cross-claimed against Bonded Wrecking. The third-party defendant New York City Housing Authority then cross-claimed against Bonded Wrecking and H. B. H. Construction.
At the close of plaintiff’s case his complaint was dismissed against Bonded Wrecking and H. B. H. Construction. At the end of the entire case the city’s cross complaint was dismissed against Bonded Wrecking. The jury returned a verdict of $7,500 in favor of the plaintiff and against the city. Thereafter the court granted judgment over in favor of the city against the third-party defendant New York City Housing Authority and judgment over in favor of the latter on its cross complaint against Bonded Wrecking and H. B. H. Construction.
The judgment that was entered by the plaintiff provided for his recovery of $7,500 against the city together with costs in the sum of $222.25, making a total of $7,722.25. That judgment further provided that the city have judgment over against the New York City Housing Authority on its third-party complaint for the sum of $7,500, with costs in the sum of $150, making a total of $7,650, and that the New York City Housing Authority have judgment over against Bonded Wrecking and H. B. IT. Construction in the sum of $7,500.
The city has now moved to amend that judgment which was entered on March 16, 1960, so as to provide therein for its (city’s) complete indemnification, i.e., for its recovery over of $7,722.25, the amount which the plaintiff has recovered against it plus the sum of $150 claimed statutory costs as a successful third-party plaintiff, or a total recovery of $7,872.25. The third-party defendant, New York City Housing Authority, against whom the city had judgment over, agrees that this should be done, but asks, by separate motion, that the judgment in its favor on its cross complaint against Bonded Wrecking and H. B. H. Construction should likewise direct the recovery of the amount of $7,872.25 against Bonded and H. B. H.
Bonded has moved that the judgment be amended so as to provide for the recovery of costs by it in connection with the dismissal of the plaintiff’s complaint and that it also have costs against the city in connection with the dismissal of the latter’s *108 cross complaint. Thus it seeks either the recovery of costs in the sum of $75 against the plaintiff and $75 against the city or the recovery of costs in the sum of $150 against the plaintiff alone. The city opposes this motion, insofar as Bonded seeks costs against it, on the ground that Bonded is not entitled to such costs as a matter of right. Having failed to apply to the Trial Justice for a discretionary award of costs in connection with the dismissal of the city’s cross complaint, said defendant Bonded has waived its right to do so by application to Special Term. (Flynn v. Patent Scaffolding Co., 265 App. Div. 956; O’Connor v. Byrndun Corp., 182 Misc. 952.) Neither is the defendant Bonded entitled to costs as of course against the plaintiff on the dismissal of the plaintiff’s complaint as to it since plaintiff did prevail against the codefendant city. (Civ. Prac. Act, § 1476.) That section reads as follows: “ Defendant’s costs; when discretionary. Where, in an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs, of course. In that case, costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defendant against whom the plaintiff is entitled to costs.”
“ [T]he discretion of the court” mentioned in the section is the discretion to be exercised by the trial court. Not having-applied for costs there, defendant Bonded may not now have costs against the plaintiff on the dismissal of the plaintiff’s complaint as to it.
H. R. H. opposes both the motion of the city and the motion of the New York City Housing Authority above referred to. While it agrees that the judgment as presently framed should be amended, it disagrees that the city should have judgment over in the sum of $7,872.25 against the Housing Authority and that the latter should in turn have judgment over against it for the same amount.
It is the contention of H. R. H. that, while the costs awarded to the plaintiff may properly be passed along to it and Bonded, neither the city nor the Housing Authority may also seek to assess their own costs in this matter. H. R. H. therefore suggests that the judgment should be amended so as to permit plaintiff to recover $7,722.25 against the City of New York which in turn should recover this sum over against the Housing-Authority, which in turn should recover this sum over against Bonded and H. R. H. Thus, it is urged, both the city and the Housing Authority would be made whole for any damages that *109 they have sustained but not costs which they have not been awarded by the decision of the Trial Judge.
In taking this position H. B. H. has failed to distinguish between recovery on a cross complaint and recovery on a third-party complaint. In the case of a cross complaint costs are discretionary and can be awarded, if they are to be awarded at all, only by the trial court. (Flynn v. Patent Scaffolding Co., 265 App. Div. 956, supra; O’Connor v. Byrndun Corp., 182 Misc. 952, supra.)
In the case of a third-party complaint, costs follow as a matter of course and not in the exercise of discretion. (Pearlstein v. McCreery & Co., 194 Misc. 516, 517.) In that case “ The successful third party defendant * * * attempted to tax costs against the third party plaintiff”. His application was denied by the clerk and a motion was thereupon made ‘ ‘ to direct the Clerk of the County of New York to tax such costs and to enter the amount of such costs, as taxed, on the judgment roll.” After discussing the difference between a cross complaint and a third-party complaint, the court came to the conclusion that “ When this is done [the third-party complaint served], there is no reason for not considering the third party plaintiff as a ‘ plaintiff ’ within the meaning of section 1474 of the Civil Practice Act so as to permit a successful third party defendant to recover costs as a matter of right against the third party plaintiff.” (See, also, to the same effect Butler v. Gimbel Bros., 86 N. Y. S. 2d 687.) I am in accord with the holdings in those two cases.
Under the circumstances, the city is entitled to the recovery of statutory costs (taxed at $150) against the New York City Housing Authority on its third-party complaint. The city’s motion and that of the Housing Authority are granted and the motion of Bonded is denied.