Harold J. Crawford, J.
This is a motion by Tomasello Holding Corp. (hereafter referred to as Tomasello), the second third-party defendant impleaded by the defendant Richard Leasing Corp. (hereafter referred to as Richard), for leave to reargue the denial of its motion to amend the judgment so as to allow costs in its favor against said Richard and thereupon to grant its original motion.
Richard opposes the motion as improper since the supporting affidavit contains new matter and reargument is limited to the original papers.
Where the court is presented with and considers new matter, the application is deemed to be a “ rehearing ” rather than a “ reargument ”. (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119, 123.) Since new matter has here been presented, the court, in its discretion, will deem this motion as one for renewal or rehearing rather than for reargument and, as such, the motion is granted and the order of this court dated August 4, 1961, is vacated.
It now appears that Richard, the owner of the premises in which the plaintiff, an employee of Tomasello was injured, *167 impleaded Tomasello with whom it had entered into a written contract for masonry work on the premises. In one cause of action, it sought indemnity on the basis of an indemnification clause contained in said contract and in another cause of action, it sought indemnification on the basis that its negligence, if any, was passive, whereas that of Tomasello’s was active. During trial, these causes of action were dismissed on motion of Tomasello. Ultimately, the jury brought in a verdict in favor of the defendants in the main complaint of the plaintiff.
It is the contention of Richard that the broad provisions of the indemnification clause contained in its contract with Tomasello bar the latter from the relief sought. It overlooks the fact, however, that Tomasello was the prevailing party in respect to Richard’s causes of action for liability over against Tomasello and accordingly is entitled to costs. (Tobiassen v. Bishop, McCormick & Bishop, 15 N. Y. S. 2d 427 [App. Term, 2d Dept.]; Ruddi v. Concrete Steel Co., 183 Misc. 1004; Butler v. Gimbel Bros., 86 N. Y. S. 2d 687; Pearlstein v. McCreery & Co., 194 Misc. 516; Smith v. City of New York, 26 Misc 2d 106, 109.)
O’Connor v. Byrndun Corp. (182 Misc. 952), which holds to the contrary, was decided prior to the amendment of the impleader statute (L. 1946, ch. 971). So, too, where indemnity is sought by way of a cross complaint under section 264 of the Civil Practice Act, costs in favor of the successful party against whom the cross complaint was asserted have been held to be discretionary with the trial court. (Flynn v. Patent Scaffolding Co., 265 App. Div. 956.) In the case of a third-party complaint, however, whatever the basis relied upon for indemnification, costs in favor of the successful third-party defendant follow as a matter of course and not in the exercise of discretion. (Pearlstein v. McCreary & Co., supra; Butler v. Gimbel Bros., supra.) As was pointed out by the late Mr. Justice Livingston in Ruddi v. Concrete Steel Co. (supra): “ The action might have been prosecuted independently. The election of * * * [the defendant] to have its controversy with * * * [the third-party defendant] litigated in the pending action could not serve to deprive * * * [the latter] of a right to costs which would unquestionably have been his had he prevailed in an independent action brought against him by * * * [the defendant].” (183 Misc. 1005.) The motion is accordingly granted.